■ Gustavo Caballero, Individually and as Administrator of the Estate of Emma Caballero, Deceased, Appellant, v Montefiore Medical Center et al., Appellants.—Order, Supreme Court, Bronx County (Howard R. Silver, J.), entered on or about March 12, 1990, which, *inter alia,* granted plaintiff's motion to preclude defendant Columbia Presbyterian Medical Center from contesting issues of liability or proximate cause for failure to comply with plaintiff's notice for discovery and inspection only to the extent of precluding defendant from using any medical records not disclosed to plaintiff, unanimously affirmed, without costs.

Plaintiff commenced this action and served the defendant hospital with a notice for discovery and inspection seeking

medical records which the defendant hospital had previously advised plaintiff could not be located. Defense counsel responded that the complete set of records could still not be located but that continuing efforts were being made. Plaintiff then moved to preclude the defendant hospital from contesting the issues of liability and proximate cause, contending that plaintiff's expert could not render an opinion as to these subjects as the records were incomplete. The IAS court granted the motion to the extent of precluding defendant from using any part of the record undisclosed to plaintiff and directing that should the missing records be located, plaintiff must be notified.

The IAS court's order was appropriate under the circumstances. The willful failure to comply with a discovery order, for which extra sanctions are warranted, assumes "an ability to comply and a decision not to comply" (3A Weinstein-Korn-Miller, NY Civ Prac ¶ 3126.04).

There is no evidence that the hospital willfully failed to disclose the requested records. Indeed, from the outset, the hospital informed plaintiff of its inability to locate the records. Concur—Murphy, P. J., Milonas, Rosenberger and Asch, JJ.