■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHATEEK THOMAS, Appellant.—Judgment, Supreme Court, New York County (Herbert Adlerberg, J.), rendered June 7, 1989, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree and sentencing him

to an indeterminate term of imprisonment of from 3½ to 7 years, unanimously affirmed.

On July 30, 1988, defendant was arrested while in possession of a weapon after a civilian informant, Dominick Quiano, told police that defendant had robbed him at gunpoint. After his arrest, and after having received *Miranda* warnings, defendant spontaneously told a police officer that "everybody who knows me knows I carry a gun".

Defendant was not denied compulsory process because of the prosecutor's refusal to grant immunity to Quiano after he asserted his privilege against self-incrimination *(People v Sapia,* 41 NY2d 160, *cert denied* 434 US 823). A prosecutor is free to withhold immunity from a potential defense witness absent abuse, as for example, when "the prosecutor builds his case with immunized witnesses but denies the defendant a similar opportunity" *(People v Adams,* 53 NY2d 241, 247), which was not the case here. Nor was defendant entitled to a missing witness charge with respect to Quiano, not only because defendant failed to make the requisite showing that the witness was available to and under control of the prosecution *(see, People v Dillard,* 96 AD2d 112), but also because a missing witness charge is not appropriate where the potential witness has asserted his privilege against self-incrimination *(People v Rodriguez,* 38 NY2d 95).

It was not improper to question defendant about his postarrest silence when "such silence is patently inconsistent with the defense asserted, and there is a patent obligation to speak" *(People v Rothschild,* 35 NY2d 355, 360). Here, it was appropriate for the prosecutor to demonstrate the inconsistency in the defense contention, that the gun had been taken from a robber, by questioning the police officer on redirect examination as to whether defendant had denied that the gun was his, or that the third party had a gun. In any event, the court sustained objections to the questions and gave a curative instruction. Thus, even if improper, defendant was not prejudiced. Concur—Milonas, J. P., Ellerin, Ross, Kassal and Rubin, JJ.