■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MONTY ALEXANDER, Appellant.—Order, Supreme Court, New York County (Herbert Altman, J., at *Massiah* hearing; Richard W. Wallach, J., at jury trial and sentence), entered March 28, 1990, which denied defendant's motion pursuant to CPL 440.10 for an order vacating the judgment entered March 2, 1982, convicting defendant, after jury trial, of two counts of attempted murder in the second degree, two counts of criminal possession of a weapon in the second degree, and one count of robbery in the first degree, and sentencing him as a second felony offender to an aggregate, indeterminate term of 13 to 26 years' imprisonment, unanimously affirmed.

Defendant contends that admissions he made to a fellow jail inmate should not have been admitted at trial, on the ground that the fellow inmate solicited the statements as an agent for the prosecution, in violation of defendant's right to counsel. Testimony at the *Massiah* hearing revealed that the statements in question had been freely volunteered by defendant in an attempt "to beat the case," that the inmate-witness contacted the District Attorney's Office on his own initiative, and that the prosecution was merely a passive recipient of the information offered. Acceptance of information from an informer who has previously provided information to other law enforcement authorities and who has an expectation of obtaining favored sentencing treatment in return does not render the prosecution's role more than one of a passive recipient of proffered information. *(People v Cardona,* 41 NY2d 333.) Concur—Carro, J. P., Ellerin, Kupferman and Rubin, JJ.