■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRINGTON WEBB, Appellant.

On March 15, 1988, the police executed a search warrant for the premises located at 86-52 126th Street in Queens which contained a restaurant and fish store on the ground floor and various offices and living quarters on the second floor. The police found a plastic bag containing marihuana behind an armchair in a room resembling a living room on the second floor and arrested several individuals on the premises and in

an adjacent grocery store, including the defendant and his two brothers. Based on the discovery of the contraband, Barrington Webb, the operator of the fish store and restaurant, and his brothers, Leonard Webb and Kenneth Webb, who operated the grocery store, were convicted of one count of criminal possession of marihuana in the third degree.

On appeal, the defendant contends that the People failed to establish his guilt of the crime beyond a reasonable doubt. We agree. At the trial, there was uncontroverted testimony that in addition to the defendant and his brothers, several store employees and two tenants who resided on the second floor had access to the general area where the marihuana was found. While, according to police testimony, the defendant was found in the room where the marihuana was discovered, his mere presence there was insufficient to establish that he exercised dominion and control over the marihuana, which is necessary to establish constructive possession *(see, People v Webb,* 179 AD2d 708 [decided herewith]; *People v Webb,* 179 *AD2d* 709 *[decided herewith]; People v Garcia,* 133 AD2d 123).

In view of our determination, we do not reach the other issues raised by the defendant. Kunzeman, J. P., Balletta, Miller and Ritter, JJ., concur.