■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SPIROS VARSOS, Appellant.—Judgment, Supreme Court, New York County (Alvin Schlesinger, J.), rendered December 9, 1988, convicting defendant, after jury trial, of murder in the second degree, and sentencing him to a term of imprisonment of 23 years to life, unanimously affirmed.

Evidence at trial was that defendant planned, paid a fee, and supplied a gun and bullets for the murder of a business associate. Details of the planning and execution of the murder were provided by four accomplices. Corroboration was supplied by defendant's tape recorded statements, made shortly after the crime, in which he criticized the execution of his plan and discussed the provision of legal counsel for the shooter and his driver. Further corroboration was provided by testimony of defendant's fellow inmate that defendant told him he had paid for a killing that had been "botched up"; by testimony of that fellow inmate that defendant attempted to intimidate him into recanting his report of defendant's admissions; and by testimony of business associates of the victim that defendant and the victim had a falling out over their business relationship.

Contrary to defendant's claim, the corroborative evidence

presented by the People satisfied the statutory mandate of independent evidence tending to connect defendant with the commission of the crime (see, People v Hudson, 51 NY2d 233, 238). In this regard, the trial court properly instructed the jury that the four accomplices were accomplices as a matter of law; that their testimony must be evaluated with special care; and that the corroborative evidence must be independent of the accomplice testimony and tend to furnish the necessary connection between defendant and the crime (see, e.g., People v Smith, 55 NY2d 945).

The trial court properly admitted the sworn testimony of the shooter, given at defendant's first trial herein which terminated with a hung jury, on the ground that the refusal of this witness to testify at the instant trial, based upon his Fifth Amendment privilege, rendered him an "unavailable" witness within the meaning of CPL 670.10 (see, People v Brown, 26 NY2d 88, 93).

Defendant failed to request a suppression hearing regarding the inculpatory statements he allegedly made to each of two fellow inmates, and failed (even following the People's offer of proof at trial) to object on the grounds raised for the first time on appeal, that a hearing was required to determine whether either of those witnesses was acting as an agent for the prosecution when defendant made the alleged statements. Thus, the only record available to this Court to review the claim of error is the trial transcript. A review of such transcript reveals that although each of the witnesses may have offered evidence of defendant's admissions in the hope of receiving some benefit, there is no indication that defendant's statements were not freely volunteered or that the prosecution's role was more than one of a passive recipient of proffered information (see, e.g., People v Alexander, 170 AD2d 308, lv denied 78 NY2d 953).

Finally, other than the entry of a single general objection following the People's offer of proof regarding admission of testimony of defendant's two fellow inmates that defendant engaged in acts constituting witness tampering, defendant failed to make an appropriate and timely objection to the admission of such testimony (CPL 470.05). In any event, the trial court properly exercised its discretion in admitting the testimony as highly probative of consciousness of guilt and giving an appropriate, and unobjected to, limiting instruction thereon (see, e.g., People v Shilitano, 218 NY 161, 179). Concur —Murphy, P. J., Sullivan, Rosenberger, Wallach and Rubin, JJ.