■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK MACANA, Appellant. [598 NYS2d 46] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Corrado, J.), rendered November 18, 1991, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On August 2, 1990, police officers responded to a radio report of shots fired at the defendant's home in Queens. When they arrived, a number of officers observed what appeared to be bullet holes in a window screen and in the garage door. Another officer recovered a spent round next to the house. Several officers claimed that the defendant gave them consent to enter the house. Several officers testified that when they entered the house, the defendant moved towards a pile of clothes on a table. One of the officers stopped him and another officer recovered a .45 caliber pistol under the clothes. The defendant was arrested and convicted of criminal possession of a weapon in the third degree.

The defendant testified that his father was blind and depressed and tried to kill himself with the pistol. He claimed that he took the gun away from his father and hid it in a hutch in the living room. The defendant further testified that the gun belonged to his father. On appeal, the defendant contends that the trial court erred in granting a missing

witness charge against him for failing to call his father as a witness.

"Ordinarily, a court may not comment upon a defendant's failure to testify or otherwise to come forward with evidence, but, once a defendant does so, his failure to call an available witness who is under defendant's control and has information material to the case may be brought to the jurors' attention for their consideration" (People v Rodriguez, 38 NY2d 95, 98).

The People established that the defendant's father would have knowledge of a material issue pending in the case and would naturally be expected to testify favorably to the defendant (see, People v Kitching, 78 NY2d 532; People v Gonzalez, 68 NY2d 424). Defense counsel argued that the father would not testify and that he believed the father would assert his Fifth Amendment right against self-incrimination if called. However, the father was not called or subpoenaed by the defense. Under these circumstances, the trial court properly concluded that the People were entitled to a missing witness charge (cf., People v Thomas, 169 AD2d 553).

We have reviewed the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Eiber, Ritter and Joy, JJ., concur.