■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BROWNLEE, Appellant. [606 NYS2d 26] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldsmith, J.), rendered February 24, 1992, convicting

him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

We find that it was error for the trial court to grant the prosecution's request for a missing witness charge. The trial record shows that after interviewing the witness in question prior to the close of evidence, the prosecution admitted that the witness had no recollecton of the incident and would be unable to support either the prosecution or the defense. It is clear, then, that the prosecution failed to sustain its burden in the first instance of showing that the witness had knowledge of a material issue and that the witness could be expected to testify favorably to the defendant *(see, People v Kitching,* 78 NY2d 532, 536; *People v Gonzalez,* 68 NY2d 424, 427-428; *People v Dancy,* 176 AD2d 597; *People v Rivera,* 174 AD2d 581; *People v Torres,* 146 AD2d 658). Moreover, the witness was in court and was equally available to the prosecution *(see, People v Costa,* 183 AD2d 722; *People v Kilgore,* 168 AD2d 830; *People v Gadson,* 161 AD2d 795; *People v Mendez,* 138 AD2d 637). Since the evidence of guilt was less than overwhelming, it cannot be said that the error was harmless and, therefore, a new trial is required *(see, People v Crimmins,* 36 NY2d 230).

In light of our decision, we need not address the defendant's remaining contentions. Bracken, J. P., Balletta, O'Brien and Copertino, JJ., concur.