■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT ORTIZ, Appellant. [619 NYS2d 12] —Judgment, Supreme Court, Bronx County (Richard Price, J.), rendered March 12,

1992, convicting defendant, after a jury trial, of murder in the second degree, three counts of attempted murder in the second degree, and criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender to concurrent terms of 25 years to life, 12½ to 25 years (three terms) and 7 to 14 years, respectively, unanimously affirmed.

Ballistics evidence at trial indicated that the bullets in the body of the deceased came from the .380 handgun found on top of the bureau near the body, and that the shells that riddled the rest of the crime scene came from a 9 millimeter automatic firearm that eyewitnesses put in the hands of defendant's accomplice. Defendant challenges this evidence as based on hearsay, i.e., the report of the police detective who had test-fired the .380 handgun but was deceased at the time of trial. However, the microscopic analysis had been conducted by the detective who, relying on the samples derived from the test firing, testified as an expert that the bullets taken from the deceased came from the .380 and could not have come from the 9 millimeter, and that the shells from the 9 millimeter found in the rest of the apartment could not have come from the .380. Since the test-firing evidence was of a type accepted in the profession as reliable, and the fact of the test-firing did not establish any of the essential elements of the crime, the unavailability of the test-firer to establish a foundation did not make his report impermissible hearsay *(People v Rosario,* 179 AD2d 554, *lv denied* 79 NY2d 1007; *cf., People v Jones,* 73 NY2d 427). The remainder of the evidence which included eyewitness testimony of two shots fired in the background during a pause in the shooting spree by defendant's accomplice, was legally sufficient to circumstantially prove that defendant shot the deceased and that he shared the intent of his accomplice to shoot the others in the apartment as well.

The People's witnesses at this retrial who asserted their Fifth Amendment privilege were unavailable for purposes of both introducing their former testimony at the first trial into evidence at this trial (CPL 670.10; *People v Varsos,* 182 AD2d 508, 509, *lv denied* 80 NY2d 911), and making a missing witness charge inappropriate *(People v Thomas,* 169 AD2d 553, 554, *lv denied* 77 NY2d 911).

Concerning the plea minutes of certain of the People's witnesses who pleaded guilty to Federal RICO charges, although counsel argued a *Brady* violation, he did not clearly articulate a *Rosario* violation, so to that extent the claim is

unpreserved *(People v Rivera,* 78 NY2d 901, 903). In any event, since the prosecutor did not have the minutes, which were under the control of Federal law enforcement authorities, there were no *Rosario* or *Brady* consequences *(People v Rodriguez,* 155 AD2d 257, *lv denied* 75 NY2d 923) and even if there could be, we find utterly no exculpatory dimension to these pleas, which did not involve the subject matter of the testimony of these witnesses at trial. Moreover, the prosecutor did state her belief as to the nature of the plea, and provided the information needed to secure the minutes.

Defendant's speedy trial claim is without merit, since, this being a murder prosecution, the exception in CPL 30.30 (3) (a) applies. That a nonhomicide charge was joined does not change the result *(People v Smith,* 53 AD2d 652), and there is no requirement that such a charge be severed solely for purposes of applying speedy trial rules.

It was not an abuse of discretion to deny defendant's motion for a mistrial, made after three days of deliberations, when counsel absented himself to attend to a death in his family. He was temporarily replaced by a co-counsel who had second-seated him throughout the trial, upon counsel's consent after conferring with his client. Moreover, counsel stated on the record that during his temporary absence he had maintained contact with co-counsel by telephone, thereby assisting in the proceedings.

We have examined defendant's remaining contentions and find they do not warrant reversal. Concur—Ross, J. P., Asch, Rubin, Nardelli and Tom, JJ.