■ ANTHONY GERME et al., Appellants, v CITY OF NEW YORK et al., Respondents. [621 NYS2d 548] —Judgment, Supreme Court, Bronx County (Alan Saks, J.), entered September 21, 1992, upon a jury verdict in defendants' favor, which, *inter alia,* dismissed the complaint, unanimously reversed, on the law, the complaint reinstated, and the matter remanded for a new trial.

A missing witness charge should be granted when the opposing party has shown that the uncalled witness is knowledgeable about a material issue upon which evidence is already in the case, that the witness would naturally be expected to provide noncumulative testimony favorable to the party who has not called the witness and that the witness is available to that party *(People v Gonzalez,* 68 NY2d 424, 427, citing *Reehil v Fraas,* 129 App Div 563, 566, *revd on other grounds* 197 NY 64; McCormick, Evidence § 272, at 804-808 [3d ed]; Richardson, Evidence § 92, at 65-68 [Prince 10th ed]). In this case, we find that the court's delivery of a missing witness charge upon defendants' request deprived plaintiff of a fair trial.

Plaintiff testified that he was injured when his truck hit a raised manhole on the Cross-Bronx Expressway. On cross-examination, plaintiff was asked whether he remembered telling the physician who treated him the night of his accident that his truck had hit a "pothole," later telling a physician who had treated him in Connecticut that the truck had hit a bump or a plate causing him to hurt his back, and telling another Connecticut physician that he hurt his back when the

truck hit a large pothole. Plaintiff, although given copies of each doctor's report to refresh his recollection, did not recall any of these statements and did not even recall having seen at least one of the doctors. Defendants' attempt to introduce those portions of the reports which contained these statements was rejected, and defendants declined to accede to plaintiffs' offer to introduce the entire reports. None of these physicians was plaintiff's primary physician and none was called by him to testify. On this basis, the IAS Court granted defendants' request for a missing witness charge as to these three physicians, instructing the jury, "[I]f you find that there was one or more—that there were one or more witnesses who were in a position to give relevant evidence on the side of plaintiff Anthony Germe, and that plaintiff has offered no reasonable explanation for failing to call those witnesses, you may infer, if you deem it proper to do so, that the testimony of those uncalled persons would not contradict the opposing evidence, or would not support the plaintiff's version of the case, and you may also draw the strongest inferences against the plaintiff Anthony Germe that the opposing evidence permits. It is in this light that you may consider the failure of plaintiff Anthony Germe to call three of the doctors who treated him in Connecticut, that is Drs. Balsano, Luccini and Palermo as witnesses in his behalf."

We find that this charge was reversible error. First, there is no question that, as to any medical opinion, the testimony of all of these physicians was cumulative to that given by plaintiff's primary treating physician. Thus, as to this information, no missing witness charge was warranted (see, Dayanim v Unis, 171 AD2d 579) and, indeed, defendants do not argue to the contrary.

Nor is there an appropriate rationale to find that these doctors were legitimately labelled missing witnesses vis à vis the cause of the accident. The only evidence these witnesses could have offered concerning the cause of the accident was plaintiff's out-of-court comments as to what his truck struck, thereby causing his injury. Clearly, plaintiff himself could not have called these witnesses on his direct case to testify to his prior out-of-court statements and therefore had absolutely no reason to seek to bring these witnesses to court regardless of whether their testimony would have been favorable or unfavorable (see, Sansevere v United Parcel Serv., 181 AD2d 521, 524).

Defendant, however, argues that, since defendant had presented evidence attempting to show that plaintiff's testimony

concerning a raised manhole was a recent fabrication, plaintiff was entitled to present rebuttal witnesses who had been privy to his description of the accident's cause prior to the accusation of fabrication, that plaintiff would therefore have been entitled to call these physicians on rebuttal, and that his failure to do so warranted the jury instruction allowing the inference that their testimony would not have been favorable. However, defendant presented no evidence that these physicians were privy to anything more than plaintiff's casual, unspecific description of the accident made under circumstances in which his attention was focused on his medical care. One of the statements indicates that plaintiff said the injury was caused when the truck hit a bump or plate and the others that he hit a pothole. Plaintiff was certainly not required to describe the type of bump or plate or pothole in detail to his doctors, who had absolutely no need for such information. These comments are not enough to support the inference that any of these doctors was sufficiently knowledgeable about plaintiff's prior beliefs concerning the precise cause of the accident to warrant a missing witness charge.

What rendered the delivery of the charge so particularly unfair in this case was the fact that the court was actually aware of the statements that plaintiff had made to the doctors and knew that they were not sufficiently contradictory of plaintiff's trial testimony to warrant their introduction into evidence as prior inconsistent statements. One of the statements, that plaintiff had hit a bump or plate, was consistent with his testimony and the other two, indicating that he had hit a pothole, were only minimally inconsistent with his testimony. The court's delivery of a missing witness charge in these circumstances, where it had actual knowledge that the evidence that the witnesses could offer was not only not significant, but also not damaging to plaintiff's case, was clearly improper.

While any evidence available from these physicians was clearly of virtually no probative value on the seminal issues, the impact of the court's charge was undoubtedly great, as it implied to the jury that plaintiff had deliberately withheld from it the testimony of no fewer than three witnesses who had important evidence to offer.

Moreover, in addition to the harm caused by this improper charge, plaintiff was prejudiced by the court's rulings permitting the testimony of witnesses as to whom plaintiff had received inadequate notice. Pursuant to plaintiff's request, defendants were obligated to furnish the names of any expert

witnesses defendants intended to call at trial as well as information concerning their potential testimony (CPLR 3101 [d]) and were also obligated to inform plaintiff as to the existence of any witnesses able to provide information material and necessary for a "judicious resolution of th[e] controversy" *(Hoffman v Ro-San Manor,* 73 AD2d 207, 211). In addition, in this case, the IAS Court had specifically ordered that the parties exchange lists of the names and addresses of such witnesses. In spite of these provisions, plaintiff received no notice prior to trial that defendants intended to call an expert witness on, *inter alia,* the effect of an obstruction such as a raised manhole cover on a tractor-trailer, even though the expert had concededly been retained eleven days prior to trial and defendants were able to offer no good cause for their failure to disclose. Moreover, the court's last minute offer to plaintiff permitting him to offer expert testimony rebutting this surprise witness was, at the point it was offered, essentially no relief at all.

In addition, plaintiff demonstrated that he was never apprised of the existence of two witnesses to the condition of the roadways on the night of the accident, both of whom testified at trial for defendants. As to witness Kroth, defendants' argument that plaintiff had effective notice of his existence and his status as a witness to the events in question merely because his name was mentioned in the diary of another defense witness as one of the representatives of the Department of Transportation is inadequate. As to the second witness, Estacio, it is arguable that plaintiff did have effective actual notice as to his existence and his knowledge of the events at hand, as he was specifically referred to in the deposition testimony of another defense witness. However, such notice came about in spite of, rather than as a result of, defendants' efforts and thus further supports the conclusion that the IAS Court's failure to curtail defendants' presentation of witnesses in any way was an abuse of its discretion. Indeed, the record as a whole leaves no question that defendants' tactics throughout were to keep plaintiff as much in the dark as possible as to the evidence he would confront at trial.

Under these circumstances, reversal is required. Concur—Ellerin, J. P., Asch, Nardelli and Williams, JJ.