■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE MACOVEY, Appellant. [651 NYS2d 873] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered June 13, 1994, convicting him of burglary in the second degree, criminal mischief in the fourth degree, possession of burglar's tools, and attempted petit larceny, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Kay, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

We find no merit to the defendant's contention that the hear-

ing court erred in concluding that the complainant had an independent source for identifying the defendant, notwithstanding the People's concession that the identification at the police precinct was unduly suggestive. "It is well settled that a witness may still identify the perpetrator of a crime as part of his or her in-court testimony notwithstanding the existence of an unduly suggestive pretrial identification, provided that the People demonstrate by clear and convincing evidence that the in-court identification is based upon the witness's independent observation of the defendant" *(People v Hyatt,* 162 AD2d 713, 714; *see, People v Brown,* 187 AD2d 662, 663). In this case, the complainant had the opportunity to closely view the defendant at the time of the crime under very good lighting conditions and on two other occasions that day in daylight. The hearing court's determination was, therefore, supported by the record *(see, People v Brown, supra,* at 663).

Further, the evidence was "legally sufficient to establish that the defendant, who was not authorized to enter the apartment house, did so with the intent to commit a larceny therein" *(People v Webber,* 184 AD2d 540, 541; *see also,* Penal Law § 140.25 [2]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's remaining contentions are unpreserved for appellate review or without merit. Bracken, J. P., O'Brien, Friedmann and Krausman, JJ., concur.