■ The People of the State of New York, Respondent, v Paul Anderson Webster, Appellant. [670 NYS2d 871] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Cirigliano, J.), rendered October 22, 1996, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Angiolillo, J.), of those branches of the defendant's omnibus motion which were to suppress identification evidence and a statement made by the defendant to law enforcement officials.

Ordered that the judgment is affirmed.

A witness was properly permitted to make an in-court identification of the defendant notwithstanding her tainted pretrial identification of him because the People demonstrated by clear and convincing evidence that the witness's in-court identification was based upon her observation independent of the suggestive pretrial identification procedure (*see, People v Hyatt,* 162 AD2d 713, 714; *see also, People v Fuentes,* 240 AD2d 511; *People v Macovey,* 234 AD2d 393; *People v Paul,* 222 AD2d 706).

The hearing court properly denied that branch of the defendant's omnibus motion which was to suppress a statement he made while he was a patient in a hospital outside the United States to law enforcement officials of a foreign country. The statement was given in a noncoercive setting despite the defendant's medical condition, which rendered him immobile (*see, People v Bongiorno,* 243 AD2d 719; *People v Bowen,* 229 AD2d 954; *People v Ripic,* 182 AD2d 226), and, in any event, the foreign law enforcement officials were not bound by the mandates of *Miranda v Arizona* (384 US 436) (*see, United States v Maturo,* 982 F2d 57, *cert denied sub nom. Pontillo v United States,* 508 US 980; *United States v Covington,* 783 F2d 1052, *cert denied* 479 US 831).

Contrary to the defendant's contention, a missing-witness charge is inappropriate when a witness has asserted his or her

privilege against self-incrimination and is unavailable to both parties (*see, People v Macana,* 84 NY2d 173, 177; *People v Rodriguez,* 38 NY2d 95; *People v Ortiz,* 209 AD2d 332, 333; *People v Thomas,* 169 AD2d 553, 554). Further, the record did not indicate any improvident exercise of discretion on the prosecutor's part in not granting this witness immunity (*see,* CPL 50.30; *People v Owens,* 63 NY2d 824).

The defendant's contention that admission of a photograph of the victim's decomposed body was unduly prejudicial is without merit. Generally, "photographs [of the deceased] are admissible if they tend to 'prove or disprove a disputed or material issue, to illustrate or elucidate other relevant evidence, or to corroborate or disprove some other evidence offered or to be offered.' They should be excluded 'only if [their] sole purpose is to arouse the emotions of the jury and to prejudice the defendant'" (*People v Wood,* 79 NY2d 958, 960, quoting *People v Pobliner,* 32 NY2d 356, 369) (emphasis in original). The probable time of death was a material issue in this case. Therefore, the photograph of the decomposed body of the victim was relevant and necessary to this issue (*see, People v Pobliner, supra; People v DeBerry,* 234 AD2d 470; *People v Washington,* 182 AD2d 791; *People v Webb,* 179 AD2d 707; *People v Wood,* 79 NY2d 958, *supra*).

The defendant's remaining contentions are unpreserved for appellate review or without merit. Mangano, P. J., Miller, Ritter and Thompson, JJ., concur.