■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN O'HARA, Appellant. [677 NYS2d 373] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hall, J.), rendered July 25, 1997, convicting him of offering a false instrument for filing in the first degree, false registration, and illegal voting (five counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.

The charges arose from the defendant's alleged illegal use of an address for voting and candidacy purposes from November 1992 to November 1993. The defendant, an attorney and sometime-candidate for elected office, had resided in a multi-unit apartment building at 579 61st Street in Brooklyn since the early 1980s. Until 1992, that address was within the 20th Election District of the 51st Assembly District, and was in the 38th Councilmanic District of the City of New York. The defendant was a resident and a registered voter of these districts. However, following redistricting in 1991-1992, the defendant's 61st Street address was located outside of these districts.

On November 2, 1992, the defendant prepared, signed, and filed a new voter registration form, specifying that he resided at 553 47th Street. This address was located within the newly-redrawn borders of the 20th Election District, the 51st Assembly District, and the 38th Council District of the City of New York. Using the 47th Street address as his residence, the defendant voted in those districts on five occasions—November 3, 1992, and May 4, September 14, September 28, and November 2, 1993.

The trial court, over defense counsel's objections, granted the People's request for a missing witness charge with respect to Ms. Magaly Lucas, a one-time owner of the building located at 553 47th Street and former girlfriend of the defendant. The court ruled that Lucas possessed material, non-cumulative information because only she could testify that the defendant had a license to live in the building, that the relationship between the defendant and Lucas was such that she was under the defendant's control, and that she was available to the defense.

The party seeking a missing witness charge bears the initial burden of promptly notifying the trial court "that there is an uncalled witness believed to be knowledgeable about a material issue pending in the case, that such witness can be expected to testify favorably to the opposing party and that

such party has failed to call him to testify" (*People v Gonzalez,* 68 NY2d 424, 427; *see also, People v Kitching,* 78 NY2d 532, 536). Once the moving party has established a prima facie basis for the charge, "it becomes incumbent upon the opposing party, in order to defeat the request to charge, to account for the witness' absence or otherwise demonstrate that the charge would not be appropriate" (*People v Gonzalez, supra,* at 428) by showing that the witness is not knowledgeable about the issue, that the issue is not material or relevant, that although the issue is material or relevant, the testimony would be cumulative to other evidence, that the witness is not available, or that the witness is not under the party's control such that he would not be expected to testify in his or her favor (*see, People v Gonzalez, supra,* at 428; *see also, People v Kitching, supra,* at 537).

Applying these guidelines to the instant case, the trial court erred in granting the People's request for a missing witness charge with respect to Lucas. Initially, we note that it is not clear whether the People established a prima facie basis for the charge. The defendant allegedly falsely registered and voted on a number of occasions from November 1992, to November 1993, using 553 47th Street as an address. A defense witness testified that Lucas had disappeared from that address at the beginning of 1992, and two of the People's witnesses testified that when they took exclusive possession of the property in October 1992, it was vacant. There was no evidence, therefore, that Lucas had any knowledge concerning whether the defendant falsely used the 47th Street address to vote during the period of November 1992 to November 1993 (*see, People v Brownlee,* 199 AD2d 520; *People v Santiago,* 187 AD2d 255; *People v Williams,* 112 AD2d 177). Indeed, there was no evidence of any contact between Lucas and the defendant during that time.

Even assuming the People met their initial burden, the defendant met his burden of showing that the charge would be inappropriate. If Lucas had been called to testify that the defendant lived at 553 47th Street, her testimony merely would have been cumulative to the testimony of other defense witnesses who testified as to the defendant's presence in the building (*see, People v Hernandez,* 159 AD2d 722). Moreover, it cannot be said that Lucas was under the control of the defendant since they had severed their relationship years before the trial (*see, People v Jiminez,* 176 AD2d 241). In addition, the defendant made an adequate showing that Lucas was not available to him (*see, People v Webster,* 248 AD2d 738; *People v Rivera,* 234 AD2d 19; *People v Ortiz,* 209 AD2d 332; *see also, People v Shapiro,* 50 NY2d 747).

Since the court erred in granting the People's request for a missing witness charge, and since it cannot be said that the error was harmless, a new trial is required.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Pizzuto, J. P., Joy, Friedmann and Florio, JJ., concur.