■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN O'HARA, Appellant. [713 NYS2d 119] —On the Court's own motion, it is

Ordered that its unpublished decision and order dated June 19, 2000, in the above-entitled case is recalled and vacated, and the following decision and order is substituted therefor:

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gerges, J.), rendered October 18, 1999, convicting him of offering a false instrument for filing in the first degree, false registration, and illegal voting (five counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

The defendant's convictions arise from his use, for voting and candidacy purposes, of an address at which he did not reside. He contends that the Supreme Court erroneously instructed the jury regarding the definition of "residence". On a prior appeal, this Court reversed the defendant's first conviction because the Supreme Court improperly gave a missing-witness charge. However, on that appeal, we rejected the defendant's contention that the Supreme Court's instruction regarding the definition of "residence" was erroneous (*see, People v O'Hara,* 253 AD2d 560). On this appeal, the defendant raises the same challenge to a nearly identical instruction given at his retrial. Our prior determination on that issue is

the law of the case (*see, People v Brown,* 136 AD2d 1, 12, *lv denied* 72 NY2d 857, *cert denied* 488 US 897).

Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. S. Miller, J. P., Altman, H. Miller and Schmidt, JJ., concur.