■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN JOHNS, Also Known as MARVIN JONES, Appellant. [746 NYS2d 907]

We agree with the defendant's contention that the trial court erred in concluding that a witness was unavailable due to threats allegedly made to her which were linked to the defendant. CPL 670.10 provides, in relevant part, that the previous testimony of a witness may be admitted into evidence at a subsequent trial if the witness "is unable to attend * * * by reason of death, illness or incapacity, or cannot with due diligence be found." To admit such testimony as evidence at a subsequent trial, a party must establish by clear and convincing evidence that the witness's unavailability was procured by misconduct by the defendant or someone acting on the defendant's behalf (*see People v Geraci,* 85 NY2d 359; *see also People v Cotto,* 92 NY2d 68).

While the prosecution claimed that the defendant's friends approached the witness and told her that they would "take care of" her if she testified, the prosecution failed to establish that the threats were linked to the defendant. The prosecution never introduced into evidence the identity of the people who

allegedly made the threats, nor the date, time, and place of such threats. Further, the prosecution failed to establish that any of the persons who allegedly threatened the witness ever spoke with the defendant or that the defendant was aware of these alleged threats.

However, the trial court correctly concluded that the witness was unavailable due to her assertion of the Fifth Amendment privilege against self-incrimination. Contrary to the defendant's assertion, the witness's refusal to testify based upon her assertion of the Fifth Amendment privilege rendered her unavailable within the meaning of CPL 670.10 (*see People v Varsos,* 182 AD2d 508; *People v Ortiz,* 209 AD2d 332; *see also People v Webster,* 248 AD2d 738).

The defendant's remaining contention is without merit. Feuerstein, J.P., O'Brien, Townes and Cozier, JJ., concur.