■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALPHONSO SNOW, Appellant. [748 NYS2d 298] —Appeal from a judgment of Supreme Court, Monroe County (Mark, J.), entered May 18, 1999, convicting defendant after a jury trial of, inter alia, burglary in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of burglary in the second degree (Penal Law § 140.25 [2]) and two counts of criminal contempt in the first degree (§ 215.51 [former (b) (v)]; [former (c)]). Defendant failed to preserve for our review his contention that Supreme Court erred in admitting in evidence the complainant's testimony from the preliminary hearing upon determining that the complainant, who at trial invoked her Fifth Amendment privilege against self-incrimination, was unavailable to testify pursuant to CPL 670.10 (*see* 470.05 [2]). In any event, that contention lacks merit. We conclude that the court properly determined that the complainant, who appeared at trial on a warrant issued upon a material witness order, was unavailable when she advised the court that she would invoke her Fifth Amendment privilege against self-incrimination and in fact did so (*see People v Ortiz,* 209 AD2d 332, 333, *lv denied* 86 NY2d 739; *People v Varsos,* 182 AD2d 508, 509, *lv denied* 80 NY2d 911). We further conclude that defendant had a fair opportunity to cross-examine the complainant at the preliminary hearing (*see People v Arroyo,* 54 NY2d 567, 574-575, *cert denied* 456 US 979) and thus reject his contention that he was denied his Sixth Amendment right to confront the complainant.

Defendant also failed to preserve for our review his contention that the court erred in proceeding with sentencing after the complainant advised the court at sentencing that her testimony at the preliminary hearing was untrue (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* 470.15 [6] [a]).

We reject defendant's contention that the court erred in refusing to charge criminal trespass in the second degree (Penal Law § 140.15) as a lesser included offense of burglary in the second degree. Viewing the evidence in the light most favorable to defendant (*see People v Randolph,* 81 NY2d 868, 869; *People v Hamilton,* 234 AD2d 974, *lv denied* 89 NY2d 1093), we conclude that defendant failed to show that there is a reasonable view of the evidence that would support a finding that defendant "committed the lesser offense but not the greater"

(*People v Glover,* 57 NY2d 61, 63; *see* CPL 300.50 [1]; *Randolph,* 81 NY2d at 869; *Hamilton,* 234 AD2d 974). We further reject the contention in defendant's pro se supplemental brief that the evidence is legally insufficient to support the burglary conviction (*see People v Bleakley,* 69 NY2d 490, 495). We have reviewed defendant's remaining contentions, including those raised in the pro se supplemental brief, and conclude that they are without merit. Present—Pigott, Jr., P.J., Wisner, Scudder, Burns and Gorski, JJ.