In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Palmieri, J.), entered May 6, 2002, which, upon a jury verdict, dismissed the complaint.
Ordered that the judgment is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, the complaint is reinstated, and the matter is remitted to the Supreme Court, Nassau County, for a new trial.
The party seeking a missing witness charge bears the initial burden of promptly notifying the trial court that there is an uncalled witness believed to be knowledgeable about a material *553 issue pending in the case, that such witness would naturally be expected to give noncumulative testimony favorable to the party against whom the charge is sought (the “control” element), and that the witness was available to that party who has failed to call him to testify (see People v Savinon, 100 NY2d 192, 197 [2003]; People v Gonzalez, 68 NY2d 424, 427 [1986]; People v O’Hara, 253 AD2d 560 [1998]; Germe v City of New York, 211 AD2d 480 [1995]). Once a party has met this burden, the opponent of the charge has the obligation to demonstrate that “the witness is not knowledgeable about the issue, that the issue is not material or relevant, that the testimony from the missing witness would be merely cumulative to other evidence, that the witness is not available or that the witness is not under the party’s control such that the witness would be expected to testify in the party’s favor” (People v Keen, 94 NY2d 533, 539 [2000] [emphasis added]; see People v Gonzalez, supra at 428).
The Supreme Court erred in granting the respondents’ request for a missing witness charge with respect to the appellant’s ex-girlfriend. The defendants failed to carry their burden to qualify for such a charge. First, the request for such a charge was untimely since it was made after the close of all the evidence (see People v Carillo, 297 AD2d 288 [2002]; People v Tilghman, 233 AD2d 348 [1996]; People v Woodford, 200 AD2d 644 [1994]). Second, the defendants failed to establish that the missing witness was under the plaintiffs control and would have been expected to provide noncumulative testimony (see People v Keen, supra; People v Gonzalez, supra; cf. People v Savinon, supra at 197). Third, the defendants failed to show that the witness had noncumulative evidence to give on a material issue in dispute and to specify the issue (see Germe v City of New York, supra at 481; cf. People v Kitching, 78 NY2d 532, 537 [1991]). In any event, the plaintiff made an adequate showing that his ex-girlfriend was not available to him (see People v O’Hara, supra at 561; People v Jiminez, 176 AD2d 241, 242 [1991]; cf. People v Savinon, supra at 199).
Since the court erred in granting the request for a missing witness charge, and since it cannot be said that the error was harmless, a new trial is warranted (see People v O’Hara, supra at 562; People v Jiminez, supra). Altman, J.E, Smith, Friedmann and Crane, JJ., concur.