■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE MATEO, Appellant. [768 NYS2d 872]—

Appeal from a judgment of Monroe County Court (Bellini, J.), entered September 19, 2001, convicting defendant after a jury trial of murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant was convicted following a jury trial of murder in the second degree (Penal Law § 125.25 [2]) for the shooting death of the victim. We reject defendant's contention that County Court erred in admitting the out-of-court declaration of the victim identifying defendant as his assailant. The statement was made by the victim while he was "under the stress of the event" (*People v Vigliotti*, 270 AD2d 904, 904 [2000], *lv denied* 95 NY2d 839, 970 [2000]) and at a time when he was so severely wounded that his "impending death could be readily inferred" (*People v Thanh Giapp*, 273 AD2d 54, 55 [2000], *lv denied* 95 NY2d 872 [2000]). Contrary to defendant's further contention, the court properly determined that an eyewitness who invoked his Fifth Amendment privilege against self-incrimination was unavailable to testify (*see People v Snow*, 298 AD2d 985 [2002], *lv denied* 99 NY2d 564 [2002]). In addition, the court properly permitted the prosecutor to read the testimony of that eyewitness from the preliminary hearing into the record at trial, inasmuch as defendant had a fair opportunity to cross-examine him at the preliminary hearing (*see id.*). Finally, defendant failed to preserve for our review his contention that the prosecutor engaged in misconduct during his cross-examination of defendant, and, in any event, we conclude that defendant was not thereby deprived of a fair trial (*see People v Conway*, 277 AD2d 1020 [2000], *lv denied* 96 NY2d 782 [2001]). Present—Pine, J.P., Wisner, Kehoe, Gorski and Lawton, JJ.