■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GILBERT ALICEA, Appellant. [806 NYS2d 645]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ruchelsman, J.), rendered January 5, 2001, convicting him of criminal sale of a controlled substance in the third degree (three counts) and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction for criminal possession of a controlled substance in the third degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

Contrary to the defendant's contention, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to support his conviction for criminal sale of a controlled substance in the third degree under the fifth count of the indictment, based on a sale of crack cocaine which occurred on September 24, 1999 (*see People v Kaplan*, 76 NY2d 140 [1990]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt of that crime was not against the weight of the evidence (*see* CPL 470.15 [5]).

However, the defendant correctly contends that the evidence was legally insufficient to establish his guilt of criminal possession of a controlled substance in the third degree on October 1, 1999, beyond a reasonable doubt. The defendant did not reside in, occupy, or rent the apartment where the supply of crack cocaine was found. Several other individuals, who had never been seen with the defendant, had access to the drugs and were arrested in the apartment three days after the defendant last sold drugs from the building to an undercover officer (*see People*

*v Echeverri*, 3 AD3d 576 [2004]; *People v Webb*, 179 AD2d 707 [1992]). The defendant's mere presence in a hallway outside of the apartment during the seizure did not establish his dominion and control over the drugs (*see People v Harvey*, 163 AD2d 532 [1990]). Accordingly, the defendant's conviction of criminal possession of a controlled substance in the third degree must be vacated and that count of the indictment dismissed.

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). H. Miller, J.P., Krausman, Rivera and Dillon, JJ., concur.