Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered June 2, 2005. The judgment convicted defendant, upon a jury verdict, of vehicular assault in the second degree, driving while ability impaired by drugs, endangering the welfare of a child (two counts) and a traffic infraction.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, two counts of endangering the welfare of a child (Penal Law § 260.10 [1]) and one count of driving while ability impaired by drugs (Vehicle and Traffic Law § 1192 [4]). Defendant contends that County Court erred in refusing to suppress his blood sample, which was collected by hospital staff and then obtained by the police in violation of the physician-patient privilege pursuant to CPLR 4504 (a). We reject that contention. The blood sample was obtained pursuant to a search warrant that was supported by probable cause (see People v Casadei, 66 NY2d 846, 848 [1985]; see generally Matter of Abe A., 56 NY2d 288, 291 [1982]) and, unlike hospital records and diagnostic test results concerning a defendant’s blood content, a blood sample does not constitute information communicated to a physician from a patient to invoke the physician-patient privilege (see generally People v Elysee, 49 AD3d 33, 38 [2007], lv granted 10 NY3d 840 [2008]; Dillenbeck v Hess, 73 NY2d 278, 289 [1989]). Even assuming, arguendo, that the seizure of the blood sample by the police constituted a violation of the physician-patient privilege under CPLR 4504 (a), we conclude *1279 that the court properly refused to suppress the evidence results from the blood sample inasmuch as “a violation of a statute does not, without more, justify suppressing the evidence to which that violation leads” (People v Greene, 9 NY3d 277, 280 [2007]).
Defendant failed to preserve for our review his contention that the court erred in permitting the People to present testimony concerning the contents of toxicology reports in order to establish defendant’s propensity for drug use (see People v Varsos, 182 AD2d 508, 509 [1992], lv denied 80 NY2d 911 [1992]) and, in any event, that contention lacks merit. Finally, we reject defendant’s contention that the verdict is against the weight of the evidence (see generally People v Danielson, 9 NY3d 342, 348 [2007]; People v Bleakley, 69 NY2d 490, 495 [1987]). Present—Scudder, P.J., Martoche, Smith, Peradotto and Pine, JJ.