■ THOMAS A. MIKE, Appellant, v 91 PAYSON OWNERS CORP. et al., Respondents. [27 NYS3d 526]—

Judgment, Supreme Court, New York County (Richard F. Braun, J.), entered October 17, 2014, upon a jury verdict in favor of defendants on the issue of liability, unanimously affirmed, without costs.

Plaintiff's objections to the subject evidentiary rulings are, to a large extent, unpreserved, and, in any event, unavailing. The rulings at issue were within the trial court's broad authority to control the courtroom and rule on the admission of evidence (*see Feldsberg v Nitschke*, 49 NY2d 636, 643-644 [1980]; *Campbell v Rogers & Wells*, 218 AD2d 576, 579 [1st Dept 1995]).

The trial testimony of defendants' meteorological expert, that the ice condition on which plaintiff allegedly fell, was created on the date of the accident during a storm in progress, was entirely consistent with, and contemplated by, defendants' CPLR 3101 (d) exchanges.

The grant of a missing witness charge as to plaintiff's domestic partner was proper (*see Germe v City of New York*, 211 AD2d 480 [1st Dept 1995]). The noncumulative nature of the witness's expected testimony was evidenced by, inter alia, his observations about snow and ice at the subject location, upon traversing the area as close as 30 minutes before the accident, which differed from observations made by plaintiff.

This Court's holding, in a prior appeal, wherein the denial of defendants' motion for summary judgment was affirmed, that "[p]laintiff's affidavit does not conflict with his deposition testimony" in a manner that would create any feigned issues of fact (114 AD3d 420, 420 [1st Dept 2014]), did not preclude the exploration of perceived inconsistencies, at trial.

Plaintiff's present objection to the introduction of testimony and documentary evidence, by an employee of defendants, as to snow removal efforts on the day before the accident, is undermined by the fact that plaintiff, on his case-in-chief, elicited the very testimony now objected to and used the docu-

ment at issue to refresh the witness's recollection. Unlike in *Caballero v Montefiore Med. Ctr.* (167 AD2d 219 [1st Dept 1990]), relied upon by plaintiff, there is no indication here that plaintiff ever demanded the documentation at issue during the course of discovery. Concur—Tom, J.P., Acosta, Renwick and Moskowitz, JJ.