Walid M. v City of New York (2019 NY Slip Op 07739)





Walid M. v City of New York


2019 NY Slip Op 07739


Decided on October 29, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 29, 2019

Renwick, J.P., Manzanet-Daniels, Mazzarelli, Webber, Oing, JJ.


10228 154808/13

[*1] Walid M., etc., et al., Plaintiffs-Respondents,
v
The City of New York, et al., Defendants-Appellants.


Zachary W. Carter, Corporation Counsel, New York (Jamison Davies of counsel), for appellants.
The Aboushi Law Firm, New York (Aymen A. Aboushi of counsel), for respondents.



Judgment, Supreme Court, New York County (Nancy M. Bannon, J.), entered June 11, 2018, upon a verdict in favor of plaintiffs and against defendants, unanimously affirmed, without costs.
After a trial, a jury found that the defendant police officers assaulted, battered, and used excessive force against plaintiff Walid Mohamed, a teenager who had been diagnosed with autism, in the course of responding to plaintiffs' request for assistance in transporting him to his assisted living facility (Ferncliff Manor) during Hurricane Sandy.
We find that, under the circumstances, the trial court did not improvidently exercise its discretion in precluding defendants from introducing testimony from Walid's treating doctors at Ferncliff Manor. Defendants failed to disclose any of these witnesses until four days before trial, after having previously affirmatively represented to the court that they did not intend to call any witnesses. The court and plaintiffs relied on this representation in estimating the length of trial and selecting a jury. In view of the trial court's broad authority to control its courtroom, it was not unreasonable for the court to decline to add these witnesses and prolong the trial when a jury had already been chosen (twice) based on certain representations about its length (see Feldsberg v Nitschke, 49 NY2d 636, 643-644 [1980]; Mike v 91 Payson Owners Corp., 137 AD3d 555, 555 [1st Dept 2016]).
The trial court also did not improvidently exercise its discretion in allowing only a limited subset of Walid's records from Ferncliff Manor to be admitted into evidence. It is clear that these records required at least some redaction, including to eliminate double hearsay (see Matter of Jaden C. [Phillip J.], 90 AD3d 485, 487 [1st Dept 2011]; Lodato v Greyhawk N. Am., LLC, 39 AD3d 494, 495 [2d Dept 2007]) and propensity evidence (see Mazella v Beals, 27 NY3d 694, 709 [2016]). Because defendants refused to propose any redactions, after having been given ample opportunities to do so, the trial court was justified in adopting plaintiffs' proposed redactions instead. Even if defendants are correct that the complete records contain additional relevant evidence that should not have been excluded, having failed to propose any redactions of their own, defendants cannot now complain that the records should have been redacted less heavily. Plaintiffs' expert's testimony was not insufficient to support the award for emotional distress and psychological injury, or to demonstrate causation more generally. It does not matter that the expert reviewed only a small portion of the Ferncliff Manor records prior to writing his report, as this was not the only information he relied on, and he testified that he had since reviewed the complete records, which did not alter his diagnosis or opinion. The expert's reliance on statements made by his subject (Walid) in two interviews was proper, as such evidence is clearly generally accepted as reliable in the profession (see Hambsch v New York City Tr. Auth., 63 NY2d 723, 725-726 [1984]). Although the expert's reliance on statements by Walid's sister was improper, as there was no showing that such statements are generally accepted as reliable and she was not called as a witness at trial, this is not a basis to disregard his entire opinion, but only any portions based solely on such statements (see Hambsch, 63 NY2d at 726; [*2]Straus v Strauss, 136 AD3d 419, 420 [1st Dept 2016]). Because the expert's key
conclusions were based primarily on appropriate evidence, and are supported by other evidence in the record, they were appropriately considered.
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 29, 2019
CLERK