People v Neris (2021 NY Slip Op 50952(U))

[*1]

People v Neris (Halinah)

2021 NY Slip Op 50952(U) [73 Misc 3d 130(A)]

Decided on October 1, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 1, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2018-1478 Q CR

The People of the State of New York,
Respondent,
against
Halinah Neris, Appellant. 

Appellate Advocates (Hannah Kon of counsel), for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill and Eugene J. Dirks of
counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County
(Douglas S. Wong, J.), rendered April 3, 2017. The judgment, insofar as appealed from as
limited by the notice of appeal, convicted defendant, upon a jury verdict, of common-law driving
while intoxicated, and imposed sentence.

ORDERED that the judgment of conviction, insofar as appealed from, is reversed, on the
law, and the matter is remitted to the Criminal Court for a new trial on the charge of
common-law driving while intoxicated.
Defendant was charged with, among other things, common-law driving while intoxicated
(Vehicle and Traffic Law § 1192 [3]) and, after a jury trial, insofar as relevant to this
appeal, was found guilty of that charge. On appeal, defendant argues that the judgment of
conviction should be reversed and the matter remitted for a new trial because, among other
things, the Criminal Court should not have granted the People's request for a missing witness
charge with respect to defendant's mother. 
A party requesting a missing witness charge bears the initial burden of showing, among other
things, that the witness can be expected to have knowledge about a material issue and to provide
noncumulative testimony favorable to the opposing party (see People v Savinon, 100
NY2d 192, 197 [2003]; People v Kitching, 78 NY2d 532, 536-537 [1991]; People v
Gonzalez, 68 [*2]NY2d 424, 427-428 [1986]). In our view,
the Criminal Court erred in granting the People's request as the People failed to establish a prima
facie basis for the charge (see People v Savinon, 100 NY2d 197). According to
defendant's own testimony, she was at her mother's house prior to driving her vehicle to the
location where she was stopped by police and arrested, but her mother was not with her in the
house or while she was operating her vehicle. Consequently, the People failed to demonstrate
that defendant's mother was sufficiently knowledgeable about whether defendant had consumed
alcohol prior to her arrest. Since it cannot be said that the error was harmless, a new trial is
required (see People v O'Hara, 253 AD2d 560 [1998]), and, under the circumstances
presented, we need not pass upon any other issue.
Accordingly, the judgment of conviction, insofar as appealed from, is reversed and the matter
is remitted to the Criminal Court for a new trial on the charge of common-law driving while
intoxicated.
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 1, 2021