■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH ADAMS, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County (Ain, J.), rendered August 14, 1984, convicting him of grand larceny in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On February 23, 1983, a home in Elmont, New York, was burglarized and some jewelry and a video cassette recorder were stolen.

Recent and exclusive possession of the fruits of a crime, if unexplained or falsely explained, will justify the inference that the possessor is the thief (*People v Galbo*, 218 NY 283, 290). The defendant contends that the People failed to prove that he was in recent possession of the fruits of a crime. Viewing the evidence adduced at trial in a light most favorable to the People (see, *People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. The People proved that the defendant sold a video cassette recorder, which had been stolen from the complainants' home, to a secondhand dealer only a few hours after the theft had been committed. Moreover, the testimony of the defendant's girlfriend that he gave her some jewelry which he said he had taken, when considered together with the complainant's testimony that the jewelry in question had been stolen from her

home, is sufficient to support his conviction for that theft *(see, People v Colon,* 28 NY2d 1, 10, *cert denied* 402 US 905).

The defendant further contends that the court's *Sandoval* ruling was not proper. The court's ruling, which precluded the prosecutor from inquiring into the facts underlying the defendant's prior convictions, properly weighed the prejudice of the evidence against its probative value *(see, People v Sandoval,* 34 NY2d 371; *People v Dubose,* 147 AD2d 585).

We find that the imposition of a term of imprisonment to run consecutively to a term of imprisonment imposed upon a prior unrelated conviction was proper *(see, People v Suitte,* 90 AD2d 80).

We have examined the defendant's remaining contentions and find them either to be unpreserved for appellate review, without merit, or harmless beyond a reasonable doubt *(see,* CPL 470.05 [2]; *People v Crimmins,* 36 NY2d 230). Kunzeman, J. P., Kooper, Sullivan and O'Brien, JJ., concur.