OPINION OF THE COURT
 

 Wesley, J.
 

 On the evening of January 12, 1997, two police officers parked in an unmarked car on a one-way street in Brooklyn spotted defendant Carlos Cintron when he drove past them in a green 1990 Acura Legend and sounded its horn. When the officers entered the license plate number into their police vehicle’s computer console, they discovered that the insurance on the car had been suspended. The officers then decided to follow the car.
 

 After defendant went through a red light at an intersection, forcing pedestrians to jump out of the way, the officers turned on their flashing lights and siren. Defendant did not stop but instead accelerated, leading the officers on a high-speed car chase during which he wove in and out of traffic and executed various evasive maneuvers. He eventually crashed the vehicle into a guardrail. When the officers approached, defendant jumped from the car and ran. A foot-chase ensued and the officers ultimately apprehended defendant. The officers later learned that the car had been stolen three days earlier. Defendant testified at trial that a friend had let him drive the car, that he drove away at high speed because he was fleeing from a man with a gun, and that he did not hear the police siren or see the flashing lights.
 

 The court did not instruct the jury either on the inference arising from the recent and exclusive possession of stolen property
 
 (see,
 
 1 CJI[NY] 9.80, at 564-571) or on the inference arising from defendant’s operation of a vehicle not belonging to him
 
 (see,
 
 CJI[NY]2d PL 165.05 [1], at 165-1015 through 165-1018).
 

 The jury found defendant guilty of criminal possession of stolen property in the third and fourth degrees, unauthorized use of a vehicle in the third degree and reckless endangerment in the second degree. The Appellate Division affirmed the conviction and a Judge of this Court granted defendant leave to appeal.
 

 
 *332
 
 Defendant argues that, due to the People’s failure to request the charges noted above, the circumstantial evidence pertaining to his flight was insufficient as a matter of law to establish that he knew that the vehicle was stolen and that he did not have the consent of the car’s owner to operate the vehicle
 
 (see, e.g., People v Edwards,
 
 104 AD2d 448). We disagree.
 

 A verdict is based upon legally sufficient evidence if “ ‘after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt’ ”
 
 (People v Contes,
 
 60 NY2d 620, 621 [quoting
 
 Jackson v Virginia,
 
 443 US 307, 319]). Under this standard, the People are entitled to the benefit of every reasonable inference to be drawn from the evidence
 
 (see, People v Tejeda,
 
 73 NY2d 958, 960).
 

 In order to establish defendant’s guilt of criminal possession of stolen property, the People must prove that the defendant knowingly possessed stolen property (Penal Law § 165.45 [5]; § 165.50). Unauthorized use of a vehicle requires the People to prove that the defendant knew that he did not have the owner’s consent to operate the vehicle (Penal Law § 165.05 [1]). On this record, the jury could reasonably conclude from both the direct and the circumstantial evidence presented at trial that all the essential elements of these crimes were proven beyond a reasonable doubt.
 

 Knowledge that property is stolen can be established through circumstantial evidence “such as by evidence of recent exclusive possession, defendant’s conduct or contradictory statements from which guilt may be inferred”
 
 (People v Zorcik,
 
 67 NY2d 670, 671). Here, defendant was caught red-handed in exclusive possession of an automobile stolen three days earlier. In addition, the jury could reasonably have inferred defendant’s knowledge that the car was stolen from defendant’s flight from the police officers
 
 (see, People v Yazum,
 
 13 NY2d 302, 304,
 
 rearg denied
 
 15 NY2d 679). The jury was also entitled to find consciousness of guilt if they disbelieved defendant’s explanation for his conduct
 
 (see, People v Ficarrota,
 
 91 NY2d 244, 250).
 
 *
 

 While we have noted that evidence of consciousness of guilt, such as flight, has limited probative value
 
 (see, People v Ben
 
 
 *333
 

 nett,
 
 79 NY2d 464, 470;
 
 People v Yazum,
 
 13 NY2d 302, 304,
 
 supra),
 
 we have also recognized that its probative weight is highly dependent upon the facts of each particular case
 
 (People v Benzinger,
 
 36 NY2d 29, 34;
 
 see also, People v Yazum,
 
 13 NY2d 302,
 
 supra; People v Reddy,
 
 261 NY 479). In this case, defendant attempted to flee from the police officers’ vehicle when they turned on their lights and siren, nearly knocking down pedestrians and leading the officers on a high-speed chase. He continued to flee on foot after crashing the car into a guardrail. Moreover, he gave an improbable explanation for his conduct at trial. These facts are sufficient to support the reasonable inference that defendant knew that the vehicle was stolen and that he did not have the owner’s consent to operate it. Significantly, this is not a case where a defendant’s flight or consciousness of guilt was the only evidence of guilt
 
 (see, e.g., People v Leyra,
 
 1 NY2d 199, 209-211).
 

 The absence of specific jury charges concerning a defendant’s exclusive and recent possession of stolen property and concerning the inference of guilty knowledge that arises from defendant’s use of a car without the owner’s consent does not alter our sufficiency analysis. Those charges inform the jury of inferences they are entitled to draw; their absence does not preclude a jury from using its common sense in inferring the knowledge elements of the crimes in question from the evidence. To the extent that
 
 People v Edwards
 
 (104 AD2d 448,
 
 supra)
 
 and its progeny are inconsistent with this decision, they are not to be followed.
 

 Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Kaye and Judges Smith, Levine, Ciparick and Rosenblatt concur.
 

 Order affirmed.
 

 *
 

 Defendant contends that a jury’s disbelief of his testimony is an insufficient basis from which to infer an element of a crime (see,
 
 e.g., United States v Tyler,
 
 758 F2d 66, 69-70). In this case, the jury’s disbelief of defendant’s testimony only compounds the existing consciousness of guilt evidence of defendant’s reckless flight from the police. In any event, the jury
 
 *333
 
 could have inferred the knowledge elements of the crimes on the People’s evidence alone.