■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN GEORGISON, Appellant. [750 NYS2d 18] —Judgment, Supreme Court, Bronx County (Phylis Skloot Bamberger, J., at suppression and speedy trial hearings; Harold Silverman, J., at jury trial and sentence), rendered November 13, 2000, convicting defendant of assault in the first degree and sentencing him, as a persistent violent felony offender, to a term of 12 years to life, unanimously affirmed.

Defendant's motion to dismiss the indictment on preindictment delay was properly denied (*see People v Singer*, 44 NY2d 241). Although this was a 56-month delay, there was no indication of bad faith by law enforcement or specific prejudice to defendant. The record shows that the prosecution was delayed in good faith because of an extensive undercover investigation into the waste industry cartel. Critically important corroborating evidence was unavailable because of the need to keep the investigation confidential, and this evidence did not become available to the Bronx District Attorney until about four months before defendant's indictment, when the investigation was finally revealed during a New York County trial involving other defendants.

Defendant's motion to suppress identification testimony was properly denied. Although the photographic array was no longer available at the time of the hearing, the array was sufficiently reconstructed and any inference of suggestiveness resulting from its loss was rebutted (*see People v Cobb*, 294 AD2d 199, *lv denied* 98 NY2d 695; *People v Campos*, 197 AD2d 366, *lv denied* 82 NY2d 892). The record supports the court's finding that the array was fair and that defendant was not singled out for identification (*see People v Chipp*, 75 NY2d 327, 336, *cert denied* 498 US 833).

Defendant's motion to suppress statements was properly denied. The statements made by defendant to the police while incarcerated on an unrelated matter were voluntary and admissible. Defendant's incarceration did not require *Miranda* warnings, since the hearing evidence established that there were no restrictions on defendant's freedom over and above ordinary prison confinement (*see People v Alls*, 83 NY2d 94, *cert denied* 511 US 1090). Defendant agreed to be interviewed,

and the fact that prison officials moved him to the same visiting room where inmates routinely receive visitors did not constitute the type of restraint requiring *Miranda* warnings.

Under the circumstances of this case, the court did not abuse its discretion in excluding defendant's daughter of tender years from the courtroom.

To the extent that the jury may have heard comments made by the prosecutor at a sidebar conference, any prejudice was cured by the court's immediate curative instruction (*see People v Alacantar*, 183 AD2d 579, *lv denied* 80 NY2d 900).

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims we would reject them. Concur—Nardelli, J.P., Saxe, Ellerin, Rubin and Friedman, JJ.