THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN MACHICOTE, Appellant. [804 NYS2d 76]—

Judgment, Supreme Court, New York County (John A.K. Bradley, J.), rendered June 26, 1996, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

The verdict was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility (*see People v Gaimari*, 176 NY 84, 94 [1903]).

The court properly denied defendant's motion to suppress statements he made while incarcerated for an unrelated crime. The detectives were not required to provide *Miranda* warnings because their amicable conversation with defendant in an interview room, conducted without any indicia of compulsion or restraint, did not "entail added constraint that would lead a prison inmate reasonably to believe that there has been a restriction on that person's freedom over and above that of ordinary confinement in a correctional facility" (*People v Alls*, 83 NY2d 94, 100 [1993], *cert denied* 511 US 1090 [1994]; *see also People v Georgison*, 299 AD2d 176 [2002], *lv denied* 99 NY2d 614 [2003]; *United States v Menzer*, 29 F3d 1223, 1230-1233 [7th Cir 1994], *cert denied* 513 US 1002 [1994]).

The court properly granted the People's *Batson* application (*Batson v Kentucky*, 476 US 79 [1986]; *People v Kern*, 75 NY2d 638 [1990], *cert denied* 498 US 824 [1990]). The issue of whether the People established a prima facie case of discrimination became moot when the court ruled on the second and third *Batson* steps. The record supports the court's findings that the nondiscriminatory reasons provided by defense counsel for the two challenges in question were pretextual. These findings are entitled to great deference (*see People v Hernandez*, 75 NY2d 350 [1990], *affd* 500 US 352 [1991]). As to one panelist, defense counsel provided a demeanor-based explanation that the court, which had its own opportunity to observe the panelist's demeanor, implicitly rejected. As to the other panelist, defense counsel raised a concern that had an exceedingly tenuous connection to the case.

The court properly received limited testimony by an eyewitness as to information she received from other persons, since this evidence was not received for its truth, but for the legitimate, nonhearsay purpose of explaining that witness's state of mind, including the thought processes leading up to her identification of defendant (*see e.g. People v Carney*, 18 AD3d 242 [2005]). Furthermore, the court provided careful limiting instructions to that effect. Even if the admission of this testimony could be deemed erroneous, any such error was harmless (*see People v Kello*, 96 NY2d 740, 744 [2001], citing *People v Crimmins*, 36 NY2d 230, 241-242 [1975]). To the extent that defendant is raising a constitutional claim, such claim is unpreserved and we decline to review it in the interest of justice. Were we to review the constitutional claim, we would reject it.

The court properly denied defendant's CPL 330.30 (3) motion to set aside the verdict on the ground of newly discovered evidence. The proffered affidavits purported, at most, to impeach an eyewitness as to the extent of her prior familiarity with defendant, and they were virtually worthless even for that limited purpose. Accordingly, there was no probability that this evidence would have affected the verdict. Concur—Mazzarelli, J.P., Friedman, Marlow and Nardelli, JJ.