■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT HART, Appellant. [807 NYS2d 777]—

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered September 11, 2003. The judgment convicted defendant, upon a jury verdict, of criminal possession of stolen property in the fourth degree and petit larceny.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of criminal possession of stolen property in the fourth degree (Penal Law § 165.45 [2]) and petit larceny (§ 155.25). Defendant failed to preserve for our review his contention that the conviction of criminal possession of stolen property is not supported by legally sufficient evidence (*see People v Gray*, 86 NY2d 10, 19 [1995]). We reject defendant's further contention that the verdict with respect to that count is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The jury was entitled to infer from the circumstantial evidence presented by the People that defendant knowingly possessed stolen property for his own benefit (*see generally People v Radoncic*, 239 AD2d 176, 179 [1997], *lv denied* 90 NY2d 897 [1997]), and thus it cannot be said that the jury failed to give the evidence the weight it should be accorded (*see generally Bleakley*, 69 NY2d at 495).

We reject defendant's further contention that County Court abused its discretion in failing to order, sua sponte, a CPL article 730 examination. Defendant's past history of mental illness alone is not sufficient to trigger a CPL article 730 examination (*see People v Tortorici*, 92 NY2d 757, 765 [1999], *cert denied* 528 US 834 [1999]), and the record discloses no other triggering factors (*see e.g. id.* at 766-767; *People v Gelikkaya*, 84 NY2d 456, 459-460 [1994]; *People v Graham*, 272 AD2d 479 [2000], *lv denied* 95 NY2d 865 [2000]). Finally, we reject defendant's contention that reversal is required based on prosecutorial

misconduct (*cf. People v Mott*, 94 AD2d 415 [1983]; *see generally People v Hackworth*, 6 AD3d 1064 [2004], *lv denied* 3 NY3d 675 [2004]). Present—Pigott, Jr., P.J., Scudder, Kehoe, Smith and Pine, JJ.