■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE RAWLS, Appellant. [885 NYS2d 417]—

Judgment, Supreme Court, New York County (Charles J. Tejada, J.), rendered August 22, 2006, convicting defendant, after a jury trial, of robbery in the third degree, and sentencing him, as a second felony offender, to a term of 3 to 6 years, unanimously modified, on the law, to the extent of vacating the

second felony offender adjudication and remanding for resentencing, and otherwise affirmed.

The court properly declined to submit petit larceny as a lesser included offense. In light of the victim's integrated testimony establishing defendant's use of force in attempting to retain the stolen items, there was no reasonable view of the evidence, viewed most favorably to defendant, that he was guilty of larceny but not robbery (*see People v Tucker*, 41 AD3d 210 [2007], *lv denied* 9 NY3d 882 [2007], *cert denied* 552 US —, 128 S Ct 1094 [2008]).

Defendant's request for a missing witness charge was properly denied. The court properly concluded that the witness's casual acquaintance with the victim did not place him within the People's control for purposes of such an instruction (*see e.g. People v Nieves*, 294 AD2d 152 [2002], *lv denied* 98 NY2d 700 [2002]).

All of defendant's claims concerning both the defense and prosecution summations are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits.

Any error in the receipt of testimony suggesting or indicating that defendant was identified from police photographs, or with regard to related evidentiary matters, was harmless (*see People v Crimmins*, 36 NY2d 230 [1975]).

As the People concede, defendant's New Jersey convictions did not qualify as predicate felonies for the purpose of enhanced sentencing. Concur—Mazzarelli, J.P., Saxe, Moskowitz, Renwick and Richter, JJ.