■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADALBERTO PEDROSO, Appellant. [892 NYS2d 776]—

The defendant's convictions arise out of his possession of a stolen trailer and its contents, and his reckless driving and failure to stop the vehicle when so directed by the police.

The defendant's contention that there was legally insufficient evidence to establish, beyond a reasonable doubt, that he knowingly possessed stolen property, as required to prove criminal possession of stolen property in the third and fifth degrees (*see* Penal Law §§ 165.50, 165.40), or that he committed unlawful fleeing a police officer and reckless driving, is unpreserved for appellate review (*see People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the People (*see People v Cabey*, 85 NY2d 417, 420 [1995]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342 [2007]; *People v Romero*, 7 NY3d 633 [2006]; *People v Hart*, 26 AD3d 836 [2006]). The evidence that the defendant was observed in exclusive possession of the stolen property, failed to stop when directed to do so by the police, and then failed to decelerate before passing a stationary police roadblock, was sufficient to establish the requisite culpable mental state (*see People v Cintron*, 95 NY2d 329, 332 [2000]), and the elements of unlawful fleeing of a police officer in a motor vehicle in the third degree (*see* Penal Law § 270.25) and reckless driving (*see* Vehicle and Traffic Law § 1212).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 86 [1982]).

The defendant's remaining contention is without merit. Fisher, J.P., Miller, Eng and Hall, JJ., concur.