■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TOMMY BROWN, Appellant. [904 NYS2d 752]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Holder, J.), rendered June 12, 2008, convicting him of criminal possession of stolen property in the third degree, criminal possession of stolen property in the fourth degree, unauthorized use of a vehicle in the second degree, and failure to obey traffic-control signal indications, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's convictions arise out of his possession of a stolen vehicle, his unauthorized use of the vehicle, and his failure to stop at a red light.

The defendant has not preserved for appellate review his challenge to the legal sufficiency of the evidence supporting his conviction of criminal possession of stolen property in the third degree, criminal possession of stolen property in the fourth degree, and unauthorized use of a vehicle in the second degree on the ground that the evidence was insufficient to prove that he knew the vehicle he was driving was stolen or that he was operating it without the owner's consent (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution

(*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of those charges beyond a reasonable doubt (*see People v Cintron*, 95 NY2d 329, 332 [2000]; *People v Pedroso*, 69 AD3d 883, 884 [2010]). Moreover, upon our independent review of the evidence pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348 [2007]; *People v Romero*, 7 NY3d 633, 643-644 [2006]). Based on the evidence, inter alia, that the defendant was observed in exclusive possession of the stolen property and failed to stop when directed to do so by the police, and his improbable explanation that he purchased the car from a casual acquaintance for a fraction of its value, the Supreme Court, as trier of fact, was entitled to infer that the defendant knowingly possessed stolen property (*see People v Danielson*, 9 NY3d at 348; *People v Cintron*, 95 NY2d at 332; *People v Pedroso*, 69 AD3d at 883).

The Supreme Court erred in granting the People's request for a missing witness charge where the relationship between the defendant and the witness, the casual acquaintance who allegedly sold him a stolen car, was not such that the witness was under the defendant's control (*see People v Rawls*, 65 AD3d 978, 979 [2009]; *People v Nieves*, 294 AD2d 152, 153 [2002]; *People v Santiago*, 187 AD2d 255, 256 [1992]; *People v Jiminez*, 176 AD2d 241, 242 [1991]). However, since there is no reasonable possibility that the error might have contributed to the defendant's conviction, and in light of the overwhelming evidence of the defendant's guilt, the error was harmless (*see People v Crimmins*, 36 NY2d 230, 237 [1975]). Rivera, J.P., Balkin, Austin and Roman, JJ., concur.