THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLENN KINDLER, Appellant. [922 NYS2d 144]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered January 18, 2008, convicting him of criminal possession of stolen property in the fourth degree, obstructing governmental administration in the second degree, resisting arrest, and unlawful solicitation of ground transportation, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the evidence was legally insufficient to establish, beyond a reasonable doubt, that he knew the vehicle he was using was stolen, as required for a conviction of criminal possession of stolen property in the fourth degree (see Penal Law § 165.45). However, viewing the evidence in the light most favorable to the prosecution (People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of that charge beyond a reasonable doubt (see People v Cintron, 95 NY2d 329, 332-333 [2000]; cf. Matter of John R., 229 AD2d 442, 443 [1996]).

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Danielson, 9 NY3d 342 [2007]; People v Romero, 7 NY3d 633 [2006]). The evidence demonstrated that the defendant had exclusive possession of a vehicle that had been reported stolen six days earlier, he fled from a police officer who approached him as he stood near the vehicle, and he discarded the vehicle's remote door lock device as he fled. Moreover, the vehicle contained two licenses and a registration indicating that the car belonged to someone other than the defendant. Accordingly, the jury was entitled

to conclude that the defendant knowingly possessed stolen property (*cf. People v Cintron*, 95 NY2d at 332).

The defendant's remaining contentions regarding the People's opening statement and certain limiting instructions given to the jury are unpreserved for appellate review and, in any event, are without merit. The defendant's claim that his counsel was ineffective for failing to preserve these arguments for appellate review also is without merit. Skelos, J.P., Belen, Lott and Cohen, JJ., concur.