■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS VENTURA, Also Known as JOSE MENDEZ, Appellant. [943 NYS2d 556]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Latella, J.), rendered July 31, 2006, convicting him of criminal possession of stolen property in the third degree, unauthorized use of a motor vehicle in the third degree, and unlawful operation of a motor vehicle on a public highway, upon a jury verdict, and imposing sentence. By decision and order of this Court dated September 10, 2009, the appeal was dismissed (*see People v Ventura*, 2009 NY Slip Op 82726[U] [2d Dept 2009]). By opinion and order of the Court of Appeals dated October 25, 2011, the decision and order of this Court was reversed and the matter was remitted to this Court for consideration of the merits of the appeal (*see People v Ventura*, 17 NY3d 675 [2011]).

Ordered that the judgment is affirmed.

The defendant contends that the evidence was legally insufficient to establish that he knew the vehicle he was driving was stolen, as required for a conviction of criminal possession of stolen property in the third degree (*see* Penal Law § 165.50). However, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we

find that it was legally sufficient to establish the defendant's guilt of that charge beyond a reasonable doubt (*see People v Cintron*, 95 NY2d 329, 332 [2000]).

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). The evidence established that the defendant was in exclusive possession of a late-model vehicle which had been reported stolen, there was substantial damage to the dashboard, center console, and steering column, including loose wires hanging from the radio and steering column, the rearview mirror was missing, and the radio, the alarm system, and the horn were all inoperable; in addition, the glove compartment contained a bill of sale with the name of the owner of the vehicle. Accordingly, the jury's conclusion that the defendant knowingly possessed stolen property was not against the weight of the evidence (*see People v Kindler*, 83 AD3d 964, 964-965 [2011]; *People v Bradley*, 143 AD2d 276, 277 [1988]). Skelos, J.P., Dillon, Angiolillo and Eng, JJ., concur.