■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY CHANDLER, Appellant. [961 NYS2d 464]—

Judgment, Supreme Court, New York County (Roger S. Hayes, J.), rendered March 8, 2011, convicting defendant, after a jury trial, of two counts of criminal possession of stolen property in the fourth degree, and sentencing him, as a second felony offender, to concurrent terms of two to four years, unanimously affirmed.

Defendant's legal sufficiency claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]).

Defendant asserts that the evidence did not establish that he knowingly possessed stolen property. However, defendant was 10 to 15 feet from a car that had just been broken into, and he

was carrying two purses that had been taken from the car. In addition, he was carrying the purses in a furtive manner, attempting to put one of the bags underneath his jacket.

A "defendant's knowledge that property is stolen may be proven circumstantially, and the unexplained or falsely explained recent exclusive possession of the fruits of a crime allows a jury to draw a permissible inference that defendant knew the property was stolen" (*People v Landfair*, 191 AD2d 825, 826 [1993], *lv denied* 81 NY2d 1015 [1993]; *see also People v Cintron*, 95 NY2d 329, 332 [2000]). There was no indication that defendant found property that had been stolen by someone else (*compare People v Moore*, 291 AD2d 336 [2002]), and the jury had ample grounds to discredit defendant's implausible testimony that he found the bags and intended to return them to their owners.

Although the same evidence would have also supported a larceny conviction, the jury chose to acquit defendant of the larceny counts. We do not find that this affects the stolen property convictions (*see People v Rayam*, 94 NY2d 557 [2000]). We see no reason to engage in speculation about the jury's deliberative process (*see e.g. People v Dufrense*, 37 AD3d 235 [2007], *lv denied* 8 NY3d 984 [2007]; *People v Williams*, 239 AD2d 271 [1st Dept 1997], *lv denied* 90 NY2d 899 [1997]). Concur—Tom, J.P., Acosta, Saxe, Freedman and Feinman, JJ.