■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AVERY FAUNTLEROY, Appellant. [969 NYS2d 225]—

Egan Jr., J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered June 10, 2011 in Albany County, upon a verdict convicting defendant of the crime of criminal possession of stolen property in the third degree.

In August 2010, and while in the course of responding to another call for service, police officer Gregory Mulligan observed a white Subaru Impreza traveling in the wrong direction on Catherine Street in the City of Albany. As Mulligan approached the vehicle on foot, the vehicle—operated by defendant—stopped quickly and then accelerated, striking a parked car. Defendant exited the vehicle and, ignoring Mulligan's directive, walked away from the scene with increasing speed. Mulligan gave chase, during the course of which defendant threw the keys to the Subaru into the street.

After defendant was apprehended and detained, a routine check revealed that the Subaru was stolen. Fellow police officer

Gary Tucker, who was dispatched to back up Mulligan, observed that the right rear passenger door of the vehicle "was held closed by a rope" and that the surrounding window had been "smashed out."* Defendant was unable to produce photo identification, a driver's license or a vehicle registration and, when asked by Tucker to provide certain pedigree information, defendant indicated that his name was "Avery Leroy." According to Tucker, defendant stated that he had obtained the car from "a friend" he encountered at a local festival and that this friend, in turn, had told defendant "to take it for a ride." Defendant could not identify this friend, nor did he know where this friend had obtained the vehicle in the first instance.

Defendant thereafter was indicted and charged with criminal possession of stolen property in the third degree. Following a jury trial, defendant was convicted as charged and was sentenced, as a second felony offender, to a prison term of 3 to 6 years. This appeal by defendant ensued.

Defendant initially contends that the verdict is against the weight of the evidence. We disagree. "A person is guilty of criminal possession of stolen property in the third degree when he [or she] knowingly possesses stolen property, with intent to benefit himself [or herself] or a person other than an owner thereof or to impede the recovery by an owner thereof, and when the value of the property exceeds [$3,000]" (Penal Law § 165.50). In this regard, a "defendant's knowledge that property is stolen may be proven circumstantially, and the unexplained or falsely explained recent exclusive possession of the fruits of a crime allows a jury to draw a permissible inference that [the] defendant knew the property was stolen" (*People v Landfair*, 191 AD2d 825, 826 [1993], *lv denied* 81 NY2d 1015 [1993]; *accord People v Chandler*, 104 AD3d 618, 619 [2013]; *see People v Cintron*, 95 NY2d 329, 332 [2000]).

Here, defendant does not dispute—and the record clearly reflects—that he possessed a stolen vehicle on the day in question, and the parties stipulated that the Subaru had a market value in excess of $3,000. Hence, defendant's weight of the evidence claim hinges solely upon his assertion that the People failed to prove that he knew that the Subaru was stolen. In support of his argument on this point, defendant notes that—at the time of his apprehension—he was operating a motor vehicle without a license, had an active warrant out for his arrest, was traveling the wrong way on a one-way street and had just

---

* Although glass was visible throughout the vehicle's interior, no glass was present on the street, and the vehicle's owner testified that the Subaru was undamaged at the time it was stolen.

crashed into a parked car, thereby providing him with ample reason to evade Mulligan and provide a false name to Tucker. Against this backdrop, however, the jury also was presented with proof regarding defendant's attempt to dispose of the keys to the Subaru following the accident, his vague and entirely unsubstantiated explanation—as related to Tucker at the scene—as to how he came into exclusive possession of the vehicle and his inability to identify the "friend" from whom he had obtained the keys in the first instance. Thus, upon our independent weighing of the evidence and the inferences to be drawn therefrom (*see People v Callicut*, 101 AD3d 1256, 1259 [2012], *lv denied* 20 NY3d 1096 [2013]), we are satisfied that the verdict is not against the weight of the evidence (*see People v Kindler*, 83 AD3d 964, 964-965 [2011], *lv denied* 17 NY3d 797 [2011]; *People v Sousa*, 23 AD3d 697, 698 [2005], *lv denied* 6 NY3d 781 [2006]; *cf. People v Cintron*, 95 NY2d at 332-333).

Defendant's remaining contentions do not warrant extended discussion. To the extent that defendant argues that Supreme Court should have instructed the jury as to the inference arising from the recent and exclusive possession of stolen property (*see* CJI2d [NY] Possession: Recent, Exclusive), we note that defendant neither requested such a charge nor objected to the charge as given; this issue is, therefore, unpreserved for our review (*see* CPL 470.05 [2]; *People v Avery*, 80 AD3d 982, 983 [2011], *lv denied* 17 NY3d 791 [2011]; *People v Asai*, 66 AD3d 1138, 1140 [2009]), and we decline to exercise our interest of justice jurisdiction with respect thereto. Nor are we persuaded that defense "[c]ounsel's sing[ular] error in failing to request such a charge . . . constitute[d] ineffective representation as it was not so serious as to compromise defendant's right to a fair trial" (*People v Gunney*, 13 AD3d 980, 983 [2004], *lv denied* 5 NY3d 789 [2005]; *see People v Geddes*, 49 AD3d 1255, 1257 [2008], *lv denied* 10 NY3d 863 [2008]; *People v Albanese*, 38 AD3d 1015, 1018 [2007], *lv denied* 8 NY3d 981 [2007]). Counsel otherwise presented cogent opening and closing statements, made appropriate motions and objections, effectively cross-examined the People's witnesses and pursued a viable defense, thereby affording defendant meaningful representation (*see People v Head*, 90 AD3d 1157, 1159 [2011]; *People v Fisher*, 89 AD3d 1135, 1139 [2011], *lv denied* 18 NY3d 883 [2012]). Finally, in light of defendant's extensive criminal history, we cannot say that the sentence imposed is harsh or excessive.

Rose, J.P., Spain and McCarthy, JJ., concur. Ordered that the judgment is affirmed.