Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blumenfeld, J.), rendered May 13, 2011, convicting him of burglary in the second degree, petit larceny, and criminal possession of stolen property in the fifth degree, after a nonjury trial, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant failed to preserve for appellate review his contention that the evidence was legally insufficient to support his conviction of criminal possession of stolen property in the fifth degree because there was no evidence that he knew the property was stolen (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492-493 [2008]) and, in any event, there is no merit to the contention. Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was also legally sufficient to establish the defendant’s guilt of burglary in the second degree and petit larceny. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt as to those crimes was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]). The recent and exclusive *681 possession of the fruits of a crime, if unexplained or falsely-explained, will justify the inference that the possessor is the thief (see People v Baskerville, 60 NY2d 374, 382-384 [1983]; People v Galbo, 218 NY 283, 290 [1916]). Here, the trial court reasonably inferred the defendant’s guilt of burglary in the second degree, petit larceny, and criminal possession of stolen property in the fifth degree from his recent, exclusive, and falsely explained possession of stolen property (see People v Baskerville, 60 NY2d at 382; People v Chandler, 104 AD3d 618, 619 [2013]; People v Merritt, 96 AD3d 1169, 1171 [2012]; People v Torres, 231 AD2d 594, 594 [1996]; People v Adams, 163 AD2d 481, 482 [1990]).
Rivera, J.E, Leventhal, Austin and Roman, JJ., concur.