■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN CARTER, Appellant. [11 NYS3d 5]—

Judgment, Supreme Court, New York County (Marcy L. Kahn, J., at suppression hearing; Bonnie G. Wittner, J., at jury trial and sentencing), rendered July 30, 2012, convicting defendant of two counts of murder in the second degree, and sentencing him to concurrent terms of 25 years to life; and order, same court (Bonnie G. Wittner, J.), entered on or about February 28, 2013, which denied defendant's CPL 440.10 and 440.30 (1-a) motions, unanimously affirmed.

Defendant's legal sufficiency claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). Moreover, we find that the People established defendant's guilt of intentional and felony murder beyond a reasonable doubt. There is no merit to defendant's argument that the evidence failed to exclude a reasonable possibility that the presence of his DNA resulted from a hypothetical, consensual sex act with the victim, after which she was killed by someone else (*see e.g. People v Steele*, 287 AD2d 321, 322 [1st Dept 2001], *lv denied* 97 NY2d 682 [2001] [unsupported hypothetical explanation for presence of defendant's print did not undermine sufficiency or weight of evidence]). Skin containing defendant's DNA was found under the victim's fingernail, and this circumstance was strongly indicative of a struggle. Semen containing defendant's DNA was found on the victim's partially removed clothing, in a location that strongly indicated it had been deposited during the particular struggle that ended in the victim's death. Defendant's alternative theory was farfetched and incompatible with the physical evidence, as well as with his statements and behavior during a police interview, which displayed a consciousness of guilt.

The court properly exercised its discretion in precluding defendant from introducing the hearsay statement of an unavailable witness, indicating that the victim was a prostitute. There was no violation of defendant's constitutional right to present a defense, because defendant did not make an adequate showing that the hearsay evidence was reliable (*see Chambers v Mississippi*, 410 US 284 [1973]; *People v Burns*, 6 NY3d 793 [2006]; *People v Robinson*, 89 NY2d 648, 654 [1997]). We note the complete lack of evidence that the victim had any arrests or convictions for prostitution. In any event, any error, constitutional or otherwise, in excluding this evidence was harmless.

The hearing court properly denied defendant's motion to suppress statements he made to police while incarcerated on an unrelated conviction, even though the initial statements were made without *Miranda* warnings. Based on the totality of the surrounding circumstances, we conclude that the questioning of defendant in a prison interview room did not require warnings, regardless of whether the police told defendant explicitly that he could terminate the questioning and return to his cell (*see Howes v Fields*, 565 US —, 132 S Ct 1181 [2012]; *People v Alls*, 83 NY2d 94 [1993], *cert denied* 511 US 1090

[1994]; *People v Machicote*, 23 AD3d 264, 265 [1st Dept 2005], *lv denied* 6 NY3d 777 [2006]).

The trial court properly declined to impose the drastic sanction of dismissal based on the People's belated disclosure of a statement by the victim's sister that was discoverable under *Brady v Maryland* (373 US 83 [1963]). Although the witness, who may have been able to provide testimony helpful to the defense, died during the six-month period between defendant's *Brady* request and the People's pretrial disclosure of her statement, the court received the detailed statement in evidence, and the People lost any opportunity for cross-examination. We find no reasonable possibility that earlier disclosure would have affected the outcome of the case, given the remedy fashioned by the court and the strength of the People's case (*see People v Carusso*, 94 AD3d 529 [1st Dept 2012]; *People v Jackson*, 264 AD2d 683, 684 [1st Dept 1999], *lv denied* 94 NY2d 881 [2000]).

We have considered and rejected defendant's arguments that preindictment delay deprived him of his constitutional right to a speedy trial, and that the court should have delivered adverse inference instructions with regard to missing or destroyed evidence. Defendant's arguments concerning his postconviction motions are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits. Concur—Mazzarelli, J.P., Acosta, Renwick, Manzanet-Daniels and Feinman, JJ.