## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  November 5, 2015                    105515
_____

THE PEOPLE OF THE STATE OF
   NEW YORK,
               Respondent,

     v                                    MEMORANDUM AND ORDER

LAMAR A. THOMPKINS,
               Appellant.
_____


Calendar Date:  September 8, 2015

Before:  McCarthy, J.P., Egan Jr., Rose and Clark, JJ.

_____


     Benjamin K. Bergman, Binghamton, for appellant, and appellant pro se.

     Weeden A. Wetmore, District Attorney, Elmira (Susan Rider-Ulacco of counsel), for respondent.

_____


Rose, J.

     Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered August 24, 2012, upon a verdict convicting defendant of the crime of criminal possession of a weapon in the second degree (two counts).

     Defendant was charged with two counts of criminal possession of a weapon in the second degree after an altercation occurred in which two men armed with bricks and a club confronted a third man who brandished and discharged a pistol, sending the other two running.  After a jury trial, which focused on the issue of the identification of the shooter, defendant was convicted as charged.  This appeal ensued.

We cannot agree with defendant's claim that the jury's verdict was against the weight of the evidence. At trial, the People presented the testimony of four witnesses who observed the altercation from different vantage points. The first eyewitness observed the encounter between the three men from his second floor apartment window, where he captured a portion of what transpired on video. This witness observed and filmed two men — one armed with a brick and the other armed with a piece of lumber — advancing on the third man. As all three moved out of the witness's line of sight, he heard a gunshot and then saw the two formerly armed men run back down the street in the opposite direction. Moments later, the third man reappeared in the witness's field of view, at which point he could see that the third man was holding a gun. While the witness was able to give a general description of all three men, he was not able to identify defendant as the third man. The People also called as witnesses the other two men involved in the altercation. They unequivocally confirmed that defendant was the third man involved, although they claimed that he had not possessed a firearm and they professed not to know who had fired the shot that caused them to run away.

The People's fourth eyewitness was inside his nearby home when he heard an escalating argument taking place on the street. When he stepped outside to see what was going on, he got "a good look" at defendant and observed that he was holding a handgun. This witness then watched as two men armed with bricks charged at defendant, who responded by brandishing his pistol and firing it. Later that day, a police investigator showed the witness a photo array of six color photographs, but he was initially unable to identify defendant. The investigator then handed him a black and white photocopy of the same array and, upon observing it, the witness identified defendant, stating that he was 80% certain of his choice. At trial, this witness unequivocally identified defendant as the shooter and blamed his earlier lack of complete certainty on the fact that defendant looked much younger in the picture in the photo array.

In light of the foregoing testimony, a different verdict would not have been unreasonable. However, any discrepancies between the witnesses' accounts of the altercation presented

questions of credibility for the jury, which it resolved by finding that defendant had possessed and fired a loaded pistol in the midst of a confrontation with two others on a city street. According appropriate deference to the jury's credibility assessments, we do not find the verdict to be against the weight of the evidence (see People v Nelson, 128 AD3d 1225, 1227 [2015]; People v Butler, 126 AD3d 1122, 1123 [2015], lv denied 25 NY3d 1199 [2015]; People v Maschio, 117 AD3d 1234, 1236 [2014]).

Defendant also argues that he was deprived of the effective assistance of counsel, primarily due to his trial counsel's failure to request that County Court specifically instruct the jury that it could, but was not required to, apply the "statutory presumption . . . that the element of intent to use [a] firearm unlawfully against another may be inferred from . . . possession" of a loaded firearm (People v Johnson, 83 AD3d 1130, 1131-1132 [2011], lv denied 17 NY3d 818 [2011]; see People v Galindo, 23 NY3d 719, 722-723 [2014]; see also Penal Law § 265.15 [4]). The record reveals, however, that County Court adequately communicated the permissive nature of the inference by reciting the pattern Criminal Jury Instruction nearly verbatim (see CJI2d[NY] Penal Law § 265.15 [4]; People v Green, 119 AD3d 23, 30 [2014], lv denied 23 NY3d 1062 [2014]; People v Wright, 300 AD2d 419, 419 [2002], lv denied 99 NY2d 621 [2003]; People v Giordano, 296 AD2d 714, 715 [2002], lv denied 99 NY2d 582 [2003]). The court then emphasized that the People had the burden of proving each element of the charges beyond a reasonable doubt. Inasmuch as the instructions were not misleading or otherwise improper, defense counsel was not ineffective for failing to object to them.

Defendant's remaining claims are unpreserved for our review, and we perceive no basis to exercise our interest of justice jurisdiction (see People v Green, 119 AD3d at 30; People v Fauntleroy, 108 AD3d 885, 887 [2013], lv denied 21 NY3d 1073 [2013]; People v Asai, 66 AD3d 1138, 1140 [2009]; see also CPL 470.15 [3] [c]; [6] [a]). Nor do we find that counsel was ineffective for failing to raise them. Viewing the representation as a whole, defense counsel made appropriate motions and objections — including requests for Molineux and Huntley pretrial hearings — and pursued a viable defense strategy

focused on inconsistencies in the testimony of the People's witnesses, which he effectively highlighted during his opening statement, cross-examination of witnesses and summation, thereby affording defendant meaningful representation (see People v Chappelle, 126 AD3d 1127, 1129 [2015], lv denied 25 NY3d 1161 [2015]; People v Fauntleroy, 108 AD3d at 887; People v Head, 90 AD3d 1157, 1159 [2011]).

McCarthy, J.P., Egan Jr. and Clark, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court