2014-1658 W CRThe People of the State of New York, Respondent, 
against
Jerry Colon, Appellant.



Appeal from a judgment of the City Court of Yonkers, Westchester County (Arthur J. Doran, III, J.), rendered June 23, 2014. The judgment convicted defendant, after a nonjury trial, of criminal possession of stolen property in the fifth degree.




ORDERED that the judgment of conviction is affirmed.
Defendant was convicted, following a nonjury trial, of criminal possession of stolen property in the fifth degree (Penal Law § 165.40). On appeal, he contends that the evidence was legally insufficient to establish, beyond a reasonable doubt, that he had known that the toolbox in his possession was stolen, and that such knowledge is required for a conviction of criminal possession of stolen property in the fifth degree. 
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish defendant's guilt beyond a reasonable doubt (see People v Cintron, 95 NY2d 329, 332-333 [2000]). Knowledge that property is stolen "may be shown circumstantially by conduct or directly by admission, or indirectly by contradictory statements from which guilt may be inferred" (People v Reisman, 29 NY2d 278, 285-286 [1971]; see Cintron, 95 NY2d at 332; People v Zorcik, 67 NY2d 670, 671 [1986]), and "the unexplained or falsely explained recent exclusive possession of the fruits of a crime allow a [factfinder] to draw a permissible inference that defendant knew the property was stolen" (People v Landfair, 191 AD2d 825, 826 [1993]; see People v Baskerville, 60 NY2d 374, 382 [1983]; People v Chandler, 104 AD3d 618 [2013]). Here, the record establishes that defendant, who admitted to the police that he had been in possession of the stolen property, abandoned that property when he saw the police. Against this backdrop, when presented with proof regarding defendant's attempt to discard the toolbox and his vague and entirely unsubstantiated explanation as to how he had come into exclusive possession of the toolbox shortly after it had been stolen from the owner's pickup truck, the court, as trier of fact, could reasonably infer that defendant had known that he was in possession of stolen property (see People v Quiles, 115 AD3d 680 [2014]; People v Fauntleroy, 108 AD3d 885 [2013]; People v Kindler, 83 AD3d 964 [2011]). 
Accordingly, the judgment of conviction is affirmed.
Iannacci, J.P., and Tolbert, J., concur.
Decision Date: April 06, 2016