Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Honorof, J.), rendered February 9, 2015, convicting him of criminal possession of a weapon in the second degree (two counts) and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.
 

 Ordered that the judgment is affirmed.
 

 In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt of reckless endangerment in the first degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
 

 The defendant contends that the trial court erred in refusing to give a missing witness charge for three witnesses. “[A] party seeking [a] missing witness charge must sustain an initial burden of showing that the opposing party has failed to call a witness who could be expected to have knowledge regarding a material issue in the case and to provide testimony favorable to the opposing party” (People v Macana, 84 NY2d 173, 177 [1994]; see People v Kitching, 78 NY2d 532, 536 [1991]; People v Gonzalez, 68 NY2d 424, 427 [1986]). Once the party seeking the charge has met this initial burden, “ ‘it becomes incumbent upon the opposing party, in order to defeat the request to charge, to account for the witness’ absence or otherwise demonstrate that the charge would not be appropriate,’ ” such as, among other things, by demonstrating that “the witness is not ‘available’ ” (People v Kitching, 78 NY2d at 537, quoting People v Gonzalez, 68 NY2d 424, 428 [1986]).
 

 Here, although the defendant met his initial burden with respect to the complainant’s boyfriend, the People demonstrated, by producing the boyfriend, who indicated his intention to invoke his Fifth Amendment privilege against self-incrimination if questioned, that the witness was unavailable (see People v Webster, 248 AD2d 738, 738-739 [1998]; cf. People v Macana, 84 NY2d at 177-179). With respect to the remaining two witnesses, acquaintances of the complainant, the defendant failed to meet his burden of demonstrating that they were within the People’s control (see People v Brown, 75 AD3d 515, 516 [2010]; People v Rawls, 65 AD3d 978, 979 [2009]; cf. People v Gonzalez, 68 NY2d at 429-430).
 

 The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).
 

 The defendant’s remaining contentions are unpreserved for appellate review and, in any event, without merit.
 

 Mastro, J.P., Sgroi, Cohen and Maltese, JJ., concur.