People v Archer (2018 NY Slip Op 02738)





People v Archer


2018 NY Slip Op 02738


Decided on April 19, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 19, 2018

Friedman, J.P., Richter, Andrias, Kapnick, Webber, JJ.


6319 4635/14

[*1]The People of the State of New York, Respondent,
v
Tavil Archer, Defendant-Appellant.


Friedman Kaplan Seiler & Adelman LLP, New York (Priyanka Wityk of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Brent Ferguson of counsel), for respondent.



Judgment, Supreme Court, New York County (Ruth Pickholz, J. at suppression hearing; Gregory Carro, J. at jury trial and sentencing), rendered June 8, 2016, as amended July 29, 2016, convicting defendant of criminal possession of stolen property in the fourth degree (two counts) and tampering with physical evidence, and sentencing him, as a second felony offender, to an aggregate term of 3½ to 7 years, unanimously affirmed.
We reject defendant's arguments concerning the sufficiency and weight of the evidence supporting his conviction of possession of stolen property under a count relating to two stolen money orders. There is no basis for disturbing the jury's credibility determinations. There was circumstantial evidence that defendant knew the money orders were stolen. Defendant's attempt to cash them the day after they were reported stolen established recent exclusive possession. The jury was entitled to reject defendant's explanation of his possession of the property, and to draw the inference that he knew it was stolen (see People v Cintron, 95 NY2d 329, 332 [2000]; People v Starks, 70 AD3d 585, 586 [1st Dept 2010] lv denied 15 NY3d 757 [2010]). That inference was also supported by defendant's flight when the police arrived (see Cintron, 95 NY2d at 332).
The hearing court properly denied defendant's suppression motion. The court correctly found that the police pursuit of defendant was based on reasonable suspicion of criminality. The officers received a report that an undescribed man had been attempting to cash stolen money orders. When the uniformed officers arrived at the scene, and defendant fled immediately upon making eye contact, the officers reasonably inferred that defendant was the suspect (see People v Woods, 98 NY2d 627, 628 [2002]). The record also supports the court's alternative finding that, irrespective of the legality of the pursuit, defendant's independent abandonment of contraband as he fled was an intentional relinquishment of any privacy interest, and was a strategic and calculated decision rather than a spontaneous
reaction to the police activity (see People v Boodle, 47 NY2d 398, 402-404 [1979], cert denied 444 US 969 [1979]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 19, 2018
CLERK