People v Mitchell (2020 NY Slip Op 06814)





People v Mitchell


2020 NY Slip Op 06814


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2015-02703
 (Ind. No. 1521/12)

[*1]The People of the State of New York, respondent,
v
Stephen Mitchell, appellant.


Stephen T. Mitchell, named herein as Stephen Mitchell, New York, NY, appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jodi L. Mandel, and Dmitriy Povazhuk of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (William E. Garnett, J.), rendered March 2, 2015, convicting him of grand larceny in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant, an attorney, was indicted for grand larceny in the second degree in connection with his alleged theft of the sum of $70,000, which represented a down payment for the purchase of certain real property owned by the estate of Jacques Montrevil (hereinafter the estate). The testimony and evidence presented by the People at the jury trial established the following facts. The defendant was retained by Jean Montrevil (hereinafter Jean), one of the decedent's sons and the property manager of the subject property, and Nadia El-Saieh, one of the decedent's daughters, to seek to remove the decedent's wife as administrator of the estate and to provide legal services in connection with the sale of the property. There was no retainer agreement setting forth the scope of the defendant's representation and the terms of his fee, and the defendant never submitted an invoice or bill for his legal services.
On November 6, 2006, the date that a contract of sale for the subject property was executed, the defendant was provided with a check from the purchaser in the amount of $70,000, as a down payment for the purchase of the property, to be held in escrow pending the closing. The defendant deposited that check the following day into his attorney trust account and, that same day, issued a check from that account in the amount of $65,500 to "Linton Emmy," on which the memo line stated "CE settlement." Between November 7, 2006, and November 22, 2006, which was the last date of any activity in the subject account, the defendant, among other things, issued a check in the amount of $6,000 to "Lisa Kelly," on which the memo line stated "Lasley Estate," and transferred $6,000 into one of his other accounts, leaving a balance in the attorney trust account of $158.35. A closing on the property was held on February 22, 2008, at which the defendant failed to turn over the $70,000 down payment. At some point thereafter, the defendant sent a check to Jean in the amount of $70,000, which was back-dated to February 20, 2008; however, Jean was unable to deposit the check because the defendant had issued a stop payment. Despite numerous demands, the [*2]defendant failed to provide an accounting of the subject funds, and the estate never received any portion of the $70,000 down payment. Following the jury trial, the defendant was convicted of grand larceny in the second degree.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish beyond a reasonable doubt the defendant's guilt of grand larceny in the second degree. Contrary to the defendant's contention, the direct and circumstantial evidence adduced at trial demonstrated that he did not have permission or authority to use the subject funds, and supported an inference of larcenous intent (see People v Kachadourian, 184 AD3d 1021, 1027; People v Hurst, 113 AD3d 1119, 1120; People v Brown, 107 AD3d 1145, 1146). Moreover, upon our independent review pursuant to CPL 470.15(5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Danielson, 9 NY3d 342; People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, he was not deprived of his constitutional right to present a defense when the Supreme Court precluded him from presenting certain hearsay statements allegedly made by the decedent's wife since he failed to adequately demonstrate that she was unavailable as a witness at trial and the statements did not possess sufficient indicia of reliability to warrant admission (see People v Atkinson, 150 AD3d 870, 870; People v Carter, 128 AD3d 580, 581; People v Wright, 269 AD2d 831, 831). In addition, the court providently exercised its discretion in denying the defendant's request for a missing witness charge for the decedent's wife inasmuch as the defendant failed to show that she was under the People's control (see People v Anderson, 180 AD3d 923, 924-925, lv granted 35 NY3d 1064; People v Martinez, 166 AD3d 1292, 1296-1297; People v Alston, 155 AD3d 887, 888). We note that the defendant had an opportunity to comment during summation on the People's failure to call the witness (see People v Arcila, 177 AD3d 585, 587). Furthermore, reviewing the charge as a whole, it fairly instructed the jury on the correct rules to be applied, and the court did not err in declining to instruct the jury regarding certain provision of the EPTL (see People v Enoksen, 175 AD3d 624, 626; People v Gonsalez, 144 AD3d 841, 842).
The defendant's contention that the Supreme Court deprived him of his right to a fair trial by limiting his cross-examination of two witnesses is without merit since the excluded line of questioning was marginally relevant and posed a risk of confusing or misleading the jury (see People v Wingate, 184 AD3d 738, 739; People v Parsley, 150 AD3d 894, 896).
Contrary to the defendant's contention, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
BALKIN, J.P., COHEN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court